## No. 6301.

### STATE VS. JAMES AUGUSTINE ET AL.

Where two, or more crimes are involved in a single act, but one indictment will lie.

APPEAL from the First District Court, parish of Orleans. *Abell,* J.

*A. P. Field,* Attorney General, for the State.

*P. W. Kramer,* for defendants and appellants.

The opinion of the court was delivered by

SPENCER, J. The question presented by this appeal is whether, when a party steals a wagon and horse harnessed in it, and is indicted, tried, convicted, and sentenced for the larceny of the wagon alone, he can be afterward prosecuted for the theft of the horse.

The horse and wagon being harnessed together, the taking of them was *a single act,* and constituted *but one fact.* We think that under these circumstances there was but one theft. To hold otherwise would be to permit an unlimited number of indictments to be predicated upon one single fact—one taking. If an indictment will lie for horse-stealing, in that a horse was taken, and for grand larceny, in that a wagon was

State vs. Augustine.

taken, you might continue and indict for petty larceny of the harness, and so on without limit.

We think that where two or more crimes result from *a single act or fact,* but one indictment will lie.

This seems to be the spirit of our law, which in section 1055 of the Revised Statutes declares, in substance, that *no person tried and acquitted or convicted of one offense can be tried for another or different offense arising from the same state of facts.*

Mr. Wharton in his Criminal Law (paragraph 565) says: "Where *the act is separable* into *two distinct branches,* as when a man steals simultaneously two articles, as a horse and saddle together, he may be convicted on separate indictments for each offense." But this rule is held not to apply when the articles stolen belong to the same person. *Idem.* —. We apprehend, moreover, that this rule could, under our statute, only apply when the saddle was not *on the horse,* but required *a separate act* in its taking—an act which, though contemporary or simultaneous with, was yet "separable" from the act of taking the horse. However this may be, we think the spirit of our law forbids two indictments for different offenses arising out of the *same state* of facts. We therefore think, the exception, or plea in bar, to the indictment in this case should have been sustained.

It is therefore ordered, adjudged, and decreed that the judgment and conviction appealed from be annulled and avoided, and it is now ordered and decreed that the indictment in this case be set aside and quashed, and the defendants be not held to answer the same.