850 So.2d 738 (2003)
STATE of Louisiana, Appellee,
v.
George Stanley ROLAND, Appellant.
No. 36,786-KA.
Court of Appeal of Louisiana, Second Circuit.
June 5, 2003.
*740 Louisiana Appellate Project, by Paula Corley Marx, Lafayette, for Appellant.
Paul J. Carmouche, District Attorney, J. Thomas Butler, Donna Frazier Hall, Assistant District Attorneys, for Appellee.
Before STEWART, DREW and MOORE, JJ.
DREW, J.
George Stanley Roland appeals his conviction and sentence on two counts of unauthorized entry of an inhabited dwelling. We amend, and as amended, affirm.

FACTS
For several years, the defendant and Sherrie Tillman had an ongoing, rocky common-law relationship, producing one child. From time to time, the defendant would move in and out of Tillman's home on 85th Street in Shreveport. In early 2001, the couple broke up once again, and the defendant left Tillman's home, while leaving clothing and other personal effects. In May 2001, Tillman obtained a restraining order prohibiting the defendant from going near her or her home. Tillman continued to be concerned about the defendant coming back into her home and enlisted the help of a friend, Michael Anderson, to watch and stay in her home.
Michael Anderson testified:
 On August 18, 2001, Tillman had gone to a funeral, leaving Anderson in the premises;
 He heard a noise in another room, investigated, and discovered the defendant in the house;
 He called the police and told the defendant to leave, to which order the defendant complied without incident, departing before the police arrived;
 On September 3, 2001, the defendant came through the front door, armed with a hammer, while Tillman and Anderson were both inside the house;
 The defendant hit Anderson on the back of the head; and
 Shortly thereafter, the defendant was arrested.
In contrast, the defendant testified that:
 He went to Tillman's home at the time of the first incident only because he was homeless and had nowhere to go, needing a place to rest;
*741  He knocked on the door, and when he received no answer, he crawled through a window into the house; and
 He talked to Anderson, then left the home without incident.
The second incident also occurred differently, according to the defendant:
 Tillman let him into the house;
 Tillman and Anderson started the fight;
 Shortly thereafter, the defendant was arrested; and
 He admitted to the police that he entered the home on the two occasions.
The state charged the defendant with two counts of unauthorized entry of an inhabited dwelling. The events relative to Count One occurred on August 18, 2001; the events relative to Count Two occurred on September 3, 2001. A jury found the defendant guilty of Count One, the first incident, but not guilty of Count Two, the second incident. Thereafter, the state filed an habitual offender bill of information, alleging the defendant to be a second felony offender.[1] On April 18, 2002, the trial court adjudicated the defendant to be a second felony offender. Immediately after the adjudication, the defendant waived sentencing delays, and the trial court sentenced the defendant to serve seven years at hard labor, without benefit of probation, parole, or suspension of sentence.
On April 19, 2002, the defendant filed an untimely pro se motion for new trial.[2] On May 2, 2002, the defendant filed a motion to reconsider sentence, and for appeal. The motion to reconsider sentence alleged the reasons given by the trial court as aggravating factors were inadequate, and the trial court failed to consider certain mitigating factors, including the capacity of the defendant to appreciate the criminality of his conduct because of a somewhat impaired education. The trial court denied the motion without a hearing. This appeal followed.
The defendant's initial brief asserted insufficient evidence to convict as to Count Two, instead of Count One. On February 19, 2003, this court ordered the defendant's counsel to file a new brief arguing the correct conviction. The defendant's appellate counsel filed a supplemental brief. The defendant has also filed several pro se briefs and motions, which have been filed as either pro se briefs or as exhibits to his briefs.

DISCUSSION
Sufficiency
The defendant first argues the evidence was legally insufficient to convict him of unauthorized entry of an inhabited dwelling.
La. R.S. 14:62.3 provides, in pertinent part:
A. Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person.
B. Whoever commits the crime of unauthorized entry of an inhabited dwelling shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than six years, or both.
*742 The defendant does not dispute that on August 18, 2001, he entered the home occupied by Ms. Tillman. He does complain that the state failed to show that she owned the home, or that his entry was unauthorized.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt.
The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational fact-finder that the defendant is guilty beyond a reasonable doubt. State v. Cotton, 25,940 (La.App.2d Cir.3/30/94), 634 So.2d 937. Of course, it is always the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir. 1992), writ denied, 617 So.2d 905 (La. 1993). A reviewing court accords great deference to a trier of fact's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Brown, 29,708 (La.App.2d Cir.9/24/97), 702 So.2d 744, writ denied, 97-2549 (La.1/30/98), 709 So.2d 703; State v. Ford, 28,724 (La. App.2d Cir.10/30/96), 682 So.2d 847, writ denied, 99-0210 (La.5/14/99), 745 So.2d 12. Where a trier of fact has made a rational determination, an appellate court should not disturb it. State v. Thomas, supra; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La. 1992).
In the present case, there is no meaningful dispute that on August 18, 2001, the defendant entered the home occupied by Ms. Tillman without her consent. The defendant testified in detail about thinking no one was home and crawling through a broken window to get into Tillman's home. His stated purpose for doing so was to find a place to rest. Tillman testified that she had repeatedly told the defendant to stay away from her home. For purposes of showing an "unauthorized entry," the state need only prove that any portion of the defendant's body passed the line of the door's threshold. State v. Abrams, 527 So.2d 1057 (La.App. 1st Cir.1988), writ denied, 625 So.2d 164 (La.1993).
The defendant contends that the state failed to adequately prove who owned the home, and, therefore, the state failed to meet its burden of proof of unauthorized entry. In brief, as well as in pro se filings, he argues on appeal that he may have had some type of ownership claim to the home. He testified, and argues in filings with this court, that Tillman took the home away from him by putting the home in her name. A review of the testimony shows that both Tillman and the defendant testified *743 that the home was owned by Tillman. There is no evidence or testimony in the record to rebut this testimony of ownership of the home by Tillman. The operative fact is not who owns the home, but that the home was not owned by the defendant, and he had no authorization to enter it. The fact that Tillman did not produce a deed or did not fully complete the ownership part of the forms for seeking injunctive relief, does not alter the fact that both Tillman and the defendant testified at trial that the home did not belong to him, and he did not have authorization to enter it. This meets the unauthorized entry requirement of the statute of prosecution.
Responsive Verdicts
The defendant next argues that the failure of the jury to be provided the responsive verdict of trespassing was such a fundamental defect as to deprive the defendant of a fair trial. In the alternative, the defendant argues that his trial counsel was ineffective in not making a contemporaneous objection to the defect.
The state responds that the defendant did not object to the failure to include trespassing as a responsive verdict, and is now barred from asserting it on appeal.
La. C. Cr. P. art. 801(C) provides:
C. A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
The record shows that at the end of the trial the jury was charged that the possible verdicts were:
1) guilty as charged of Unauthorized Entry of an Inhabited Dwelling, or
2) guilty of Attempted Unauthorized Entry of an Inhabited Dwelling, or
3) not guilty.
The record shows that the defendant did not make any contemporaneous objection to the jury instructions. However, on appeal, the defendant, in appellate briefs, as well as in pro se filings, argues that the trial court erred in failing to include the charge of trespassing as a responsive verdict. The defendant, mindful of La. C. Cr. P. art. 801, argues that there have been jurisprudential exceptions to the contemporaneous objection rule in cases in which fundamentally incorrect jury instructions so affect the fairness of the proceedings and the accuracy of the fact-finding process that due process requires reversal, even in the absence of compliance with legislative procedural mandates. The argument follows that if the jury had been properly charged with the responsive verdict of trespassing, they may well have found the defendant guilty of that charge.
Inclusion of the requested verdict is not mandated by La. C. Cr. P. art. 814. In fact, the crime of criminal trespass is not listed as responsive to any charge in this article. How is the trial court or a reviewing court to know that the failure to request this additional responsive verdict possibility was not calculated trial strategy, perhaps to obviate the possibility of a compromise verdict?
Admittedly, after the trial of this case, the Louisiana Supreme Court, in State v. Simmons, 01-0293 (La.5/14/02), 817 So.2d 16, held that trespassing is a responsive verdict to the charge of unauthorized entry of an inhabited dwelling because the crime of unauthorized entry of an inhabited dwelling necessarily includes all of the elements of the lesser charge of trespassing. But, in Simmons, supra, the defendant *744 had requested that trespassing be included as a responsive verdict in the jury charge, but his request had been denied by the trial court. The defendant in the present case has cited no cases supporting the proposition that appellate courts could review a trial court's failure to include responsive verdicts in the absence of a contemporaneous objection. Because the defendant did not make his objection known, he is precluded from raising the alleged error on appeal. As enunciated in State v. Mart, 419 So.2d 1216, 1218 (La.1982):
The contemporaneous objection rule serves two laudable and related purposes. The first is succinctly stated in Professor Dale Bennett's original comments to C.Cr.P. Art. 841: to prevent the defendant from having "an anchor to windward" to urge for the first time in the event of conviction. See D. Bennett, The 1966 Code of Criminal Procedure, 27 La. L.Rev. 175 (1967). In fairness to the state, defendant cannot simply watch the proceedings unfold and silently hope that the state will introduce inadmissible evidence or that the trial court will commit error. Significantly, the rule also prevents defendant from adopting, as a matter of strategy, one approach at trial, and then, if that approach fails, arguing a contrary view on appeal.
The second and related purpose is one of judicial efficiency. The defendant has a duty to alert the trial court, if he objects to the admissibility of evidence or the method of proceeding. This allows the trial court to correct (or avoid) error, so that the verdict results from a trial which is as error-free as possible.
Nevertheless, this court has recognized exceptions to the rule's seemingly inflexible assertion that trial error, unless contemporaneously objected to, cannot be asserted on appeal. In State v. Williamson, 389 So.2d 1328 (La.1980), fundamentally erroneous misstatements of the essential elements of the charged offense were found to require reversal, despite the defendant's failure to raise an objection in the trial court. In that case this court apparently adopted a view, not totally unlike the federal "plain error" approach, that such fundamentally incorrect jury instructions so affect the fairness of the proceedings and the accuracy of the factfinding process that due process of law requires reversal, even in the absence of compliance with legislative procedural mandates.

* * *
When counsel for defendant fails to comply with the contemporaneous objection rule, even in the case of a fundamentally erroneous instruction on the elements of an offense, it is not unreasonable to require defendant to carry the burden of satisfying this court that the procedural default (that is, the failure to raise the complaint properly) was excusable and was not the result of trial strategy. See Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Here, defendant has not borne this burden.
Further, the erroneous instruction related only to an element (albeit a crucial one) of a responsive verdict, rather than to the definition of the offense charged. In such a case, it is not so apparent that the erroneous instruction fundamentally affects the fairness of the proceedings and the accuracy of the factfinding process.
The defendant next argues that it was ineffective assistance of counsel for his counsel to fail to make a contemporaneous *745 objection to the failure of the jury instructions and verdict form to contain trespassing as a responsive verdict. As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Williams, 33,581 (La.App.2d Cir.6/21/00), 764 So.2d 1164. A motion for new trial is also an accepted vehicle by which to raise such a claim. Id.
However, when the record is sufficient, this court may resolve this issue on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La. App.2d Cir.9/27/95), 661 So.2d 673; State v. Smith, 25,841 (La.App.2d Cir.2/23/94), 632 So.2d 887.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases. Strickland, supra; State v. Moore, 575 So.2d 928 (La.App. 2d Cir.1991). The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. Moore, supra.
Second, the defendant must show that counsel's deficient performance prejudiced his defense. This element requires a showing that the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that, but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland, supra; State v. Pratt, 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174, writ denied, 95-1398 (La.11/3/95), 662 So.2d 9.
In the present case, the record does not support the defendant's claim that his counsel was ineffective for failing to object on these grounds. The fact that a responsive verdict is not included in a jury charge is not necessarily an error patent, and does not establish ineffective assistance of counsel. When the crime of prosecution is one of the 58 listed in C. Cr. P. art. 814, the trial court may "exclude" a responsive verdict, but cannot add to the number. See, State v. Hall, 26,505 (La. App.2d Cir.12/7/94), 647 So.2d 453, writ denied, 95-2188 (La.3/17/97), 691 So.2d 69. A defendant may also not object to the addition or deletion of responsive verdicts as a trial strategy. See, State v. Martin, *746 525 So.2d 535 (La.App. 5th Cir.1988). Nothing in this record points to an ineffective assistance of counsel claim.
The jury's verdict is clearly supported by overwhelming evidence, i.e. the defendant entered into the victim's home without authorization. The fact that a later Supreme Court ruling found criminal trespass to be responsive in this situation in no way casts in derogation the trial conduct in this case. It appears to be a credibility callswearing match, and apparently the jury believed the victims.
Sentencing
Lastly, defendant complains about his sentence, alleging:
 excessiveness;
 faulty imposition, lacking adequate consideration of La. C. Cr. P. art. 894.1.; and
 the denial of parole benefits.
La. R.S. 14:62.3 provides, in pertinent part:
B. Whoever commits the crime of unauthorized entry of an inhabited dwelling shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than six years, or both.
La. R.S. 15:529.1(A)(1)(a) provides:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction;
La. C. Cr. P. art. 841(A) provides, in pertinent part:
A. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.
La. C. Cr. P. art. 873 provides:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
La. R.S. 15:529.1(G) provides:
G. Any sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence.
The trial court adjudicated the defendant as a second felony offender based on a 1997 conviction for obscenity and this conviction for unauthorized entry of an inhabited dwelling. The record shows that immediately after adjudication, the defendant waived sentencing delays. The trial court, without further comment or discussion, sentenced the defendant to seven years at hard labor, without benefit of probation, parole or suspension of sentence.
The sentence range for the conviction of unauthorized entry of an inhabited dwelling is with or without hard labor for not more than six years. La. R.S. 14:62.3(B). La. R.S. 15:529.1(A)(1)(a) provides:
If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
*747 Therefore, the defendant's minimum sentence was three years, and his maximum was 12 years, all without benefit of probation or suspension of sentence.
The first argument raised by the defendant in brief, and in pro se filings, is that the trial court did not comply with La. C. Cr. P. art. 894.1 in sentencing. La. C. Cr. P. art. 894.1 requires a review of enumerated aggravating and mitigating factors by the trial court before sentencing a defendant. A review of the sentencing transcript shows that the trial court did not address any such factors before sentencing the defendant.
But, the transcript also shows that immediately after being adjudicated to be a second felony offender, the defendant expressly waived sentencing delays and consented to being sentenced without further proceedings. The comments to La. C. Cr. P. art. 873 show the purpose of sentencing delays is to allow the defendant time to file pleadings before being sentenced. Prior to sentencing, the trial court may also order a presentence investigation to address the issues in La. C. Cr. P. art. 894.1. See, La. C. Cr. P. art. 873. By waiving sentencing delays and agreeing to be immediately sentenced, the defendant is obviously agreeing to allow the trial court to render a sentence based on the information and record available to the trial court at that time.
The defendant did not object to the procedure. La. C. Cr. P. art. 841 requires an objection to preserve an issue on appeal. To allow the defendant to waive sentencing delays and be immediately sentenced by the trial court on the record available, and then later to object to the trial court's limited review on appeal, would allow the defendant to circumvent the requirements of La. C. Cr. P. art. 841. The purpose of the contemporaneous objection rule is to put the trial court on notice of a potential problem, and to allow it to be corrected before it infects the entire system. State v. Butler, 30,798 (La. App.2d Cir.6/24/98), 714 So.2d 877, writ denied 98-2217 (La.1/8/99), 734 So.2d 1222. The contemporaneous objection rule also prevents defendant from adopting, as a matter of strategy, one approach at trial, and then, if that approach fails, arguing a contrary view on appeal. State v. Mart, supra.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. However, even in a case where the trial court has failed to state the considerations taken into account and the factual basis for sentencing the defendant, where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 *748 So.2d 1143 (La.1988). In the present case, the record shows that, although the trial court did not review the factors in La. C. Cr. P. art. 894.1 when sentencing the defendant, the trial court did hear extensive testimony as to the defendant's family ties, marital status, health, employment record, and criminal history during the trial and the habitual offender adjudication hearing. The trial court even heard sworn testimony from the defendant himself.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra. In this case, the record shows the defendant repeatedly entered or attempted to enter someone else's home under circumstances that ultimately led to violence. It cannot be said that the sentence shocks the sense of justicefar from it.
The fact that the defendant's sentence was enhanced by the Habitual Offender Law does not provide relief. The Habitual Offender Law has been held to be constitutional in its entirety; the mandatory minimum sentences provided therein are therefore presumed to be constitutional. State v. Johnson, 97-1906 (La.03/04/98), 709 So.2d 672. Although a punishment required by the Habitual Offender Law may constitute excessive punishment, the appellate courts of this state have recognized that declaring a sentence under the Habitual Offender Law constitutionally excessive should be a rare act, not a commonplace practice. State v. Dorthey, supra.
In order to successfully rebut the presumption that the mandatory minimum sentence is constitutional, a defendant must clearly and convincingly show he is exceptional, which in this context means that because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Additionally, in determining whether the defendant has met his burden, the trial judge must consider that the goals of the Habitual Offender Law are to deter and punish recidivism. Finally, it must be emphasized that the departure downward from the minimum sentence prescribed under the Habitual Offender Law should occur only in rare instances. See, State v. Norris, 32,941 (La.App.2d Cir.3/1/00), 754 So.2d 362.
The defendant further argues the trial court erred in imposing his habitual offender sentence to be without benefit of parole. The record does show the trial court sentenced the defendant to seven years at hard labor, without benefit of probation, parole, or suspension of sentence. La. R.S. 15:529.1(G) provides that sentences imposed under the habitual offender provisions are to be imposed "without benefit of probation or suspension of sentence." As such, it was simply not within the trial court's authority to impose the sentence without benefit of parole. There is no necessity to remand, as we hereby strike the prohibition against parole.

*749 ORDER
The defendant's conviction is AFFIRMED. His sentence is AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] The first felony conviction was for obscenity to which the defendant pled guilty on December 19, 1997. He was sentenced to one year at hard labor.
[2] The motion was filed after sentencing. See La. C. Cr. P. art. 853.