11 JAMES F. McKAY, III, Judge.
The State of Louisiana takes this appeal from the trial court’s refusal to adjudicate Michael Gillam a multiple offender. For the reasons set forth below, we reverse the ruling of the trial court, enter an adjudication as a third felony offender, vacate the original sentence, and remand for resen-tencing as a third offender.
The State charged Michael Gillam with simple possession of cocaine, a charge to which he pled not guilty. On November 26, 2001, a jury found him guilty as charged. The court subsequently sentenced him to serve eighteen months at hard labor, and the State filed a multiple bill alleging Gillam was a third offender. The matter was reset several times, and on November 21, 2002, the State presented evidence in support of the multiple bill. The court took the matter under advisement, and on December 19, 2002, the court found the State failed to prove the allegations in the bill.
The facts of the underlying offense are unknown and immaterial to this appeal.
The State argues the trial court erred by finding it failed to prove the allegations of the multiple bill. The bill charged the defendant with having been convicted of two prior felony offenses: Case No.416-842“E”, possession of ^cocaine, to which he pled guilty on October 16, 2000; and Case *806 No.353-566‘T”, distribution of cocaine, to which on January 19, 1993, he pled guilty to possession with the intent to distribute cocaine. At the multiple bill hearing the State presented a fingerprint expert who matched the fingerprints he- took of the defendant that day (exhibit S — 1) to the fingerprints found on two arrest registers: one from an arrest for possession of cocaine on August 30, 2000, (exhibit S-2) which the officer linked to certified documents in Case No.416-842“E” (exhibit S-3); and the other from an arrest for distribution of cocaine on September 7, 1991, (exhibit S-4) which he linked to certified documents in Case No.353-566“I” (exhibit S-5). Defense counsel objected to the match to the documents pertaining to Case No.353-566“I”, because the date of the offense listed in the bill of information in that case was October 31, 1991, more than a month after the date of the offense and the arrest listed in the arrest register in exhibit S-4. Defense counsel made no objection as to any of the documents pertaining to Case No.416-842“E”. The court took the matter under advisement, and it ultimately found the discrepancy between the date of the offense listed in the arrest register (exhibit S-4) and the bill of information (exhibit S-5) negated a finding that the defendant was a multiple offender.
The trial court erred by so holding. In State v. Henry, 96-1280 p. 7 (La.App. 4 Cir. 3/11/98), 709 So.2d 322, 325-326, this court stated:
To obtain a multiple offender conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. State v. Hawthorne, 580 So.2d 1131 (La.App. 4th Cir. 1991). Various methods are available to prove that the defendant on trial is the same person convicted of the prior felony offense, such as by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of 13the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver’s license number, sex, race and date of birth. State v. Westbrook, 392 So.2d 1043 (La.1980); State v. Curtis, 338 So.2d 662 (La.1976); State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ den. 538 So.2d 590 (La.1989); State v. Savoy, 487 So.2d 485 (La.App. 3rd Cir.1986). The mere fact that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. Curtis, 338 So.2d at 664. In State v. Westbrook, 392 So.2d 1043 (1980), the supreme court found that along with defendant’s name, his driver’s license number, sex, race, and date of birth were sufficient evidence for the State to carry its burden of proving that this defendant was the same person previously convicted of another felony.
See also State v. Payne, 2001-1730 (La.App. 4 Cir. 3/20/02), 814 So.2d 617; State v. Chairs, 99-2908 (La.App. 4 Cir. 2/7/01), 780 So.2d 1088; State v. Davis, 98-0731 (La.App. 4 Cir. 10/20/99), 745 So.2d 136.
In the present case, the State introduced sufficient evidence to show the defendant was the same person convicted in both prior offenses. With respect to Case No.416-842“E”, to which the defendant made no objection at the hearing, the nature of the offense, the date of offense, the offender’s name, the offender’s date of birth, the offender’s address, and the folder number are the same on the arrest register as those reflected in the bill of information and the docket master. In addition, the officer matched the fingerprints found on the arrest register to those he took of the defendant on the date of the multiple bill hearing. Thus, the State showed the Michael Gillam convicted in *807 Case No.416-842“E” was the same as the present defendant. Furthermore, after a review of the Plea of Guilty Form or Boy-kin form, dated and signed by the defendant on October 16, 2000, we find it to be sufficient. Therefore, the trial court clearly erred by finding the State did not prove. the allegation of the multiple bill as to this prior offense.
| ¿With respect to Case No.353-566‘T”, to which the defendant did object, the date of the offense listed in the arrest register did not match that alleged in the bill of information. However, the nature of the offense, the offender’s name, the offender’s date of birth, the offender’s address, and the folder number are the same on the arrest register as those reflected in the bill of information and the docket master for that case. In addition, the officer matched the fingerprints found on the arrest register to those he took of the defendant on the date of the multiple bill hearing. It is apparent that the date of the offense as listed in the bill of information was a clerical error. The date of the offense should read 10/31/90 and not 10/31/91. This fact is easily discernable by a review of the item number on the arrest registry, which is J4070990. This clerical error is harmless and in no way prejudiced the defendant’s rights. This confusion was not such as to prevent the State from meeting the burden of proving the validity of the prior guilty plea. After carefully reviewing the Plea of Guilty Form or Boy-kin form signed by the defendant and dated January 19, 1993, we find it to be sufficient. Thus, as per Henry and its progeny, we find the State adequately proved the defendant was the same Michael Gillam who was convicted in Case No.353-566“I” as well.
The trial court erred by finding the State failed to prove the allegations of the multiple bill. Accordingly, we reverse the ruling as to the multiple bill, enter an adjudication as a third offender, vacate Gillam’s original sentence, and remand the case for resentencing as a third felony offender consistent with this opinion.
JUDGMENT REVERSED, SENTENCE VACATED AND REMANDED FOR RESENTENCING.