865 So.2d 272 (2004)
STATE of Louisiana, Appellee
v.
Greg D. BLACKSON, Appellant.
No. 38,044-KA.
Court of Appeal of Louisiana, Second Circuit.
January 28, 2004.
*273 Sonny N. Stephens, Winnsboro, McKeithen, Ryland & Champagne, by Dina F. Domangue, for Appellant.
*274 William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Penny Wise Douciere, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
CARAWAY, J.
After a bench trial, Greg D. Blackson was convicted of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. For the conviction, Blackson was sentenced to twelve years at hard labor without benefit of parole, probation or suspension of sentence and a $1,000 fine. Urging various claims of error, Blackson appeals his conviction. We affirm.

Facts
On January 31, 2001, Blackson and Recardo Bell got into a verbal altercation in front of Bell's home on Carter Street in Winnsboro, Louisiana. The contradictory evidence showed that the argument ensued after Blackson stopped his vehicle to drop Bell off. After "exchanging words" with Bell, Blackson got back into his car and was driving away when Bell threw a half-full beer bottle at the car, breaking the rear passenger window. Blackson drove on but returned shortly to confront Bell about the broken car window. Testimony showed that Blackson had a gun which he waved around while arguing with Bell.
After Winnsboro City police officers arrived at Bell's home, they were dispatched to Blackson's trailer home in response to Blackson's complaint against Bell. When Lieutenant Bruce McCarthy and Officer Chris Shaw arrived at Blackson's trailer, Blackson informed them that Bell had broken his car window. Blackson admitted to Officer Shaw that he had returned to Bell's home with a gun. Blackson then retrieved the gun from the mobile home, claiming that it belonged to his wife.
Thereafter, both Blackson and Bell went to the police station and made formal complaints. In the complaint signed by Blackson, he described his confrontation with Bell as follows, "I went around turn around to come back and I stopped and ask what the problem was and he pull a gun I got my gun." Blackson was initially charged with aggravated assault for which he entered a guilty plea in city court. When it was later discovered that Blackson had a prior 1994 felony conviction for possession of cocaine, he was arrested for possession of a firearm by a convicted felon. After Blackson's conviction on this charge, this appeal ensued.

Discussion
Appellant's counsel has failed to brief and/or argue the assignments of error numbered three, four, seven, eight, nine, and ten. Therefore, this court considers those assigned errors abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978).
In his first assigned error, Blackson argues that the evidence was insufficient to convict him because the state failed to prove his previous felony conviction.[1] Incorporated within this argument is Blackson's separate but related claim that the state's proof of the previous conviction through the testimony of Franklin Parish Sheriff, Steve Pylant, was unduly suggestive and impermissible. Finally, Blackson also asserts as error the lack of sufficient evidence of his possession of a firearm.
*275 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. This standard, now legislatively embodied in La.C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
A reviewing court accords great deference to the trier of fact's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255.
Possession of a firearm by a convicted felon requires proof of: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year cleansing period; and (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Ball, 31,515 (La.App.2d Cir.12/9/98), 733 So.2d 1, citing, State v. Husband, 437 So.2d 269 (La.1983).
To prove the prior conviction and that the ten-year time period had not passed, the state submitted certified copies of court minutes, guilty plea and sentencing transcripts of the 1994 Franklin Parish proceedings entitled State Versus Greg Blackson. Blackson's first-offender pardon demonstrated that his firearm rights were not reinstated. Additionally, the state presented the testimony of Sheriff Pylant identifying Blackson as the same defendant who was previously convicted of possession of cocaine. The state conducted the following colloquy with Sheriff Pylant:
Q. Do you know the defendant in this case, Greg Blackson?
A. Yes, sir.
Q. How long have you worked at the Sheriff's Office?
A. Since 1982.
Q. I'm going to show you minutes of Court from December 7th 1994; March 14th 1995; and a transcript of sentencing from March 14th, 1995 in Docket Number 94-309F, State Versus Greg Blackson. Are you familiar with the person who was charged in that case?
A. Yes, sir.
Q. Is that person in the courtroom today?
A. Yes sir.
Q. Can you point him out to the Judge?
A. Yes, sir. Sitting to the right of Mr. Kramer.
Q. So this is the same Greg Blackson who is charged here today?
A. Yes, sir.
At this point, the state offered the minutes and sentencing transcript from the prior offense into evidence without objection. The defense did not cross examine the sheriff.
*276 Blackson argues that Sheriff Pylant's testimony was insufficient to establish his identity as the same Greg Blackson convicted in 1994 because it failed to establish Sheriff Pylant's personal knowledge of this previous conviction. Blackson also argues that showing the transcript, entitled "State Versus Greg Blackson," to the sheriff was unduly suggestive and failed to prove his independent knowledge of Blackson's prior criminal conviction.
In the area of establishing a defendant's previous conviction identity, courts have recognized various methods of proof including testimony of witnesses, expert opinion evidence comparing fingerprints, or photographs in the records. State v. Brown, 514 So.2d 99 (La.1987); State v. Curtis, 338 So.2d 662 (La.1976); State v. Thomas, 27,504 (La.App.2d Cir.11/1/95), 662 So.2d 798; State v. Morris, 99-3075 (La.App. 1st Cir.11/3/00), 770 So.2d 908, writ denied, 00-3293 (La.10/12/01), 799 So.2d 496, cert denied, 535 U.S. 934, 122 S.Ct. 1311, 152 L.Ed.2d 220 (2002). Additionally, the defendant's name, driver's license number, sex, race, and date of birth have been held to be sufficient evidence for the state to establish the identity of the defendant as the same person previously convicted of another felony. State v. Westbrook, 392 So.2d 1043 (La.1980); State v. Gillam, 03-0369 (La.App. 4th Cir.6/18/03), 850 So.2d 804. The mere fact, however, that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. State v. Curtis, supra; State v. Gillam, supra.
The courts have also approved of the use of testimony from a rural parish clerk of court and a deputy sheriff identifying defendants from their personal knowledge as the same individuals convicted of previous offenses. State v. Augillard, 371 So.2d 798 (La.1979); State v. Evans, 506 So.2d 1283 (La.App. 2d Cir.1987).
This case is similar to the noted jurisprudence. Here, Sheriff Pylant testified that he worked in the Franklin Parish Sheriff's office since 1982 and became sheriff in 1996. The evidence shows that both Blackson and his parents all grew up in Franklin Parish, a small rural parish. The 1994 conviction occurred in the Fifth Judicial District, of which the parish comprised a part. Sheriff Pylant stated that he not only knew the defendant but was familiar with his 1994 conviction. The witness testified from personal knowledge that the individual convicted in 1994 and Blackson were one and the same person. Blackson presented no contrary evidence. Accordingly, we find this evidence adequate to establish the defendant as the same person convicted in 1994. This identification evidence along with the documentary evidence described above was sufficient to prove the prior felony conviction element and that the ten-year cleansing period had not elapsed. Therefore, we find the evidence sufficient to show that Blackson was a convicted felon within the ambit of the present offense.
As to Blackson's possession of a firearm, his statements both to the police and in his voluntary complaint against Bell constituted admissions that he possessed a gun. Blackson's actions in obtaining a gun from his wife's trailer during the investigation demonstrated that he had access to the gun. Finally, the state presented the testimony of two witnesses, Bell and Shedrick Coleman, who testified that Blackson had a gun during his confrontation with Bell. On this basis, we find the evidence sufficient to prove that Blackson possessed a firearm.
Blackson next urges that the use of same evidence to convict him of aggravated assault arising out of the same incident *277 and the instant offense impermissibly subjected him to double jeopardy.
The Fifth Amendment to the United States Constitution, as well as Article 1, § 15 of the Louisiana Constitution of 1974, prohibit placing a person twice in jeopardy of life or limb for the same offense. Likewise, La.C.Cr.P. art. 591 provides:
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 77 or ordered with the express consent of the defendant.
Double jeopardy provisions protect an accused not only from a second prosecution for the same offense, but also multiple punishments for the same criminal act. State v. Lefeure, 00-1142 (La.App. 5th Cir.1/30/01), 778 So.2d 744, 750, writ denied, 01-1440 (La.9/21/01), 797 So.2d 669, citing, State v. Jackson, 96-661 (La.App. 5th Cir.4/9/97), 694 So.2d 440, 448, writ denied, 97-1050 (La.10/13/97), 703 So.2d 609, writ denied, 97-1255 (La.10/13/97), 703 So.2d 612.
The two tests used by Louisiana courts when examining double jeopardy violations are the "distinct fact" or the Blockburger[2] test and the "same evidence test."[3] The Blockburger test determines whether each crime requires proof of an additional fact which the other does not. State v. Lefeure, supra. The "same evidence" test evaluates whether the evidence required to support a finding of guilt of one crime would also have supported a conviction for the other crime. The test depends on the evidence necessary for conviction, not all of the evidence introduced at trial. State v. Lefeure, supra. Although the Louisiana Supreme Court has accepted both tests, it has principally relied on the "same evidence" test to evaluate double jeopardy claims. State v. Lefeure, supra, citing, State v. Miller, 571 So.2d 603, 606 (La.1990).
An accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. State v. Nichols, 337 So.2d 1074 (La.1976); State v. Gordon, 00-1013 (La.App. 5th Cir.11/27/01), 803 So.2d 131, writ denied, 02-0362 (La.12/19/02), 833 So.2d 336, writ denied, 02-0209 (La.2/14/03), 836 So.2d 134.
Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery. La. R.S. 14:36. Aggravated assault is an assault committed with a dangerous weapon. La. R.S. 14:37. As discussed above, possession of a firearm by a convicted felon requires proof of the possession, a previous conviction of an enumerated felony, the absence of the ten-year cleansing period and the general intent to commit the offense. La. R.S. 14:95.1
In the instant case, although the facts of both cases are intertwined, the constitutional prohibition against double jeopardy is not violated. Utilizing the "same evidence" test, the evidence needed to support Blackson's conviction for aggravated assault would not have secured a conviction for possession of a firearm by a convicted felon. For the aggravated assault conviction, the state had to prove that either Blackson attempted to use intentional force or violence upon Bell or place him in apprehension of being harmed while using a dangerous weapon. For the instant *278 offense, the state had to prove that Blackson possessed a firearm and had previously been convicted of a felony within the last ten years. Clearly, the evidence required for conviction of each separate offense would not have supported a conviction for the other crime. Furthermore, under the Blockburger test, each offense requires proof of an additional fact which the other does not require. The charge of possession of a firearm requires a previous conviction of an enumerated offense while aggravated assault requires proof of an attempted battery or the intentional placing of another in reasonable apprehension of receiving a battery. Clearly, under this test as well, double jeopardy safeguards are not implicated here.
In his final assignment of error, Blackson contends that his trial counsel was ineffective in failing to file a motion to suppress the inculpatory statements made by him in response to direct interrogation by police officers or to object to their admissibility during trial on the ground of voluntariness. Blackson also contends that his counsel fell below the constitutional standard for effectiveness, both in failing to object to or conduct cross-examination of the identification testimony of Sheriff Pylant, and in failing to file post-trial motions.[4]
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than by appeal. This is because such an application creates the opportunity for a full evidentiary hearing under La.C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Williams, 33,581 (La.App.2d Cir.6/21/00), 764 So.2d 1164. A motion for new trial is also an accepted vehicle to raise such a claim. Id. However, when the record is sufficient, we may resolve this issue on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La. App.2d Cir.9/27/95), 661 So.2d 673.
A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, the defendant first must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases. Strickland, supra; State v. Roland, 36,786 (La.App.2d Cir.6/5/03), 850 So.2d 738.
Second, the defendant must show that counsel's deficient performance prejudiced his defense. This element requires a showing that the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland, supra; State v. Roland, supra.
Here, Blackson's claim for ineffective assistance of counsel falls short of the standard required under Strickland. Because we have both determined that the evidence *279 was sufficient to support the conviction and that no double jeopardy rights were violated, Blackson's counsel's failure to file post-trial motions or object regarding these issues could not have resulted in prejudice to Blackson.
We have likewise found no merit in Blackson's claim regarding the admissibility of Sheriff Pylant's testimony. Blackson's claim that his counsel's failure to cross-examine Sheriff Pylant "severely prejudiced" him and amounted to "no advocacy whatsoever" qualifies as those types of general and conclusory charges which are insufficient to prove a claim of ineffective assistance of counsel. State v. Outley, 629 So.2d 1243 (La.App. 2d Cir. 1993), writ denied, 94-0410 (La.5/20/94), 637 So.2d 476; State v. O'Neal, 501 So.2d 920 (La.App. 2d Cir.1987), writ denied, 505 So.2d 1139 (La.1987). Moreover, because counsel otherwise conducted extensive cross-examination of other witnesses, there is a strong presumption that the conduct of counsel falls within the wide range of reasonable professional assistance to which this court grants great deference. State v. Roland, supra; State v. Outley, supra.
We likewise find no merit in Blackson's claim regarding his counsel's decision not to file a motion to suppress the inculpatory statements made by the defendant to Lieutenant McCarthy and Officer Shaw. Blackson's specific argument is that counsel should have raised the issue of admissibility of these statements because he was not given his Miranda warnings prior to divulging information about his possession of a firearm to the police. The record clearly indicates that Blackson initiated the contact with police by calling in a complaint against Bell for the broken car window. When the officers arrived, they conversed with Blackson about Bell's alleged crime. The general rule is that Miranda warnings are not required until a citizen is deprived of his liberty in a significant way, such as when he is forbidden from leaving the officers' presence. State v. Thompson, 399 So.2d 1161 (La.1981); State v. Lambert, 98-0703 (La.App. 4th Cir.11/17/99), 749 So.2d 739, writ denied, 00-1346 (La.1/26/01), 781 So.2d 1258. Additionally, Miranda warnings are not a prerequisite to admissibility of statements taken by officers during non-custodial, general, on-the-scene investigations, conducted to determine the facts and circumstances surrounding a possible crime, absent a showing that the investigation has passed the investigatory stage and has focused on the accused. State v. Weeks, 345 So.2d 26 (La.1977); State v. Jackson, 452 So.2d 1250 (La.App. 2d Cir.1984), writ denied, 457 So.2d 17 (La.1984).
In this case, the record shows that the police came to Blackson's house to investigate a crime other than the crime for which he has now been convicted. As such, any inculpatory statements made by Blackson occurred during a non-custodial, general investigation. In fact, the evidence shows that at the time of the subject conversation, the police officers themselves were unaware of any previous felony conviction for Blackson. Finally, there is no indication of a reasonable probability of a different outcome if Blackson had been successful in the suppression of this evidence at trial. Blackson's own admission of his use of the gun in the written complaint and the eyewitness testimony of the state's witnesses regarding his possession of the gun served as sufficient evidence of the possession element for the conviction.

Conclusion
For the foregoing reasons, we affirm Blackson's conviction and sentence.
AFFIRMED.
NOTES
[1] Despite the lack of a motion for post-verdict judgment of acquittal, this court may review a sufficiency of the evidence argument. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)
[3] State v. Steele, 387 So.2d 1175 (La.1980).
[4] Although Blackson lists numerous other claims for ineffective assistance of counsel in his assignments of error, only three specific claims are argued in brief.