7 So.3d 1288 (2009)
STATE of Louisiana, Plaintiff-Applicant,
v.
Cornelius Dangelo SIMS, Defendant-Respondent.
No. 44,123-KW.
Court of Appeal of Louisiana, Second Circuit.
April 15, 2009.
*1289 Peter R. Flowers, Shreveport, for Defendant-Respondent.
Paul J. Carmouche, District Attorney, John F. McWilliams, Jr., Jason T. Brown, Assistant District Attorneys, for Plaintiff-Applicant.
Before GASKINS, DREW and LOLLEY, JJ.
LOLLEY, J.
This writ application arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Cornelius Dangelo Sims was charged by bill of information with possession of marijuana, second offense, in violation of La. R.S. 40:966(E), and illegal carrying of weapons while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95(E). He entered a guilty plea to the marijuana possession charge and was sentenced to serve 18 months at hard labor. Subsequently, the state attempted to prosecute Sims on the pending weapon charge; however, the trial court prohibited it from instituting the prosecution, holding that such a prosecution on the weapons charge would violate Sims' right against double jeopardy. The state then filed the instant supervisory writ. After obtaining the record from the trial court, we placed the matter on the appellate docket for argument and decision. For the following reasons we determine that the writ should be denied, and we affirm the trial court's ruling.

FACTS
In March 2007, Sims was stopped in his vehicle by police officers. The officers executed a search of his vehicle and discovered 15 grams of marijuana hidden in the center console of the vehicle, several weapons, and a large quantity of cash. As a result, Sims was charged with one count of *1290 possession of marijuana, second offense, and one count of illegal carrying of weapons while in possession of a controlled dangerous substance, violations of La. R.S. 40:966(E) and La. R.S. 14:95(E), respectively. The state entered into an agreement with Sims' trial counsel whereby he would enter a guilty plea to the marijuana possession charge and the illegal carrying of weapon charge would be subject to a jury trial. As per the agreement, Sims pled guilty to the marijuana possession, second offense charge and was sentenced to serve 18 months at hard labor.
Later, Sims filed a motion to quash the illegal weapons possession charge on the grounds of double jeopardy, arguing that his possession of marijuana, second offense conviction and sentence was an underlying offense of the illegal weapons possession charge; therefore, double jeopardy precluded the state from prosecuting him on the weapons charge. The trial court ultimately granted relief in favor of Sims, and the state objected to the ruling, filing the instant writ application.

DISCUSSION
In the instant case, Sims was charged with two crimes: possession of marijuana, second offense, to which he pled guilty (La. R.S. 40:966(E)); and, illegal carrying of a weapon while in possession of a controlled dangerous substance (La. R.S. 14:95(E)). Specifically, the state argues that the weapon charge is not double jeopardy, because the possession of marijuana, second offense adds an additional element-the requirement of a predicate conviction.
Double jeopardy provisions protect an accused not only from a second prosecution for the same offense, but also multiple punishments for the same criminal act. U.S. Const. amend. V; La. Const. art. 1, § 15; La. C. Cr. P. art. 591; State v. Knowles, 392 So.2d 651 (La.1980); State v. Blackson, 38,044 (La.App.2d Cir.01/28/04), 865 So.2d 272. The two tests used by Louisiana courts when examining double jeopardy violations are the "distinct fact" or the Blockburger[1] test and the "same evidence test."[2] The Blockburger test determines whether each crime requires proof of an additional fact which the other does not. State v. Blackson, supra. If multiple charges are double jeopardy under Blockburger, then the inquiry need go no further, since the constitutional prohibition against double jeopardy will have been abridged.
However, if there is not a finding of double jeopardy under the Blockburger test, then we must look to Louisiana's "same evidence" test to see if the state's greater protection is implicated. The Louisiana definition of double jeopardy test is contained in La. C. Cr. P. art. 596, which states:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial. (Emphasis added).
The "same evidence" test is articulated as this query: if all the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a *1291 defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. State v. Steele, supra. The "same evidence" test is broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct. State v. Steele, supra.
As noted by the Louisiana Supreme Court, "the Double Jeopardy Clause, under both the [Blockburger test] and the `same evidence' test, prevents an offender from being convicted of both a felony murder and the underlying felony. The rationale which supports that rule is the same as that which prevents on offender from being convicted of both the underlying offense for a 14:95(E) violation and the 14:95(E) violation itself." State v. Sandifer, 1995-2226 (La.09/05/96), 679 So.2d 1324, 1329. The state argues that the instant case is distinguished by the fact that the underlying offense was possession of marijuana, second offense, which obviously includes the additional element of the predicate offense. We agree that under the Blockburger test, the firearm charge is not double jeopardy. In fact, Sims concedes that the instant charges would not violate double jeopardy under the Blockburger test because each offense requires an element of proof that the other offense does not, i.e., the existence of a weapon in the case of the illegal weapon charge and a prior drug conviction in the marijuana possession, second offense charge.
However, our inquiry does not stop there, for we must consider the "same evidence" test. Notably, the question of whether a subsequent charge is double jeopardy is a difficult one to answer; thus we found it helpful to consider some opinions from the line of opinions that have discussed Louisiana's "same evidence" test for double jeopardy. Our courts have long used the "same evidence" test in contemplating the issue of double jeopardy. Although not referring to the test by name, the Louisiana Supreme Court considered the application early in State v. Augustine, 29 La. Ann. 119 (1877), when the court determined that the defendant could not be tried separately for the theft of a horse after he had already been indicted, tried, convicted and sentenced for the larceny of the wagon which was hitched to the horse. The court would not permit an unlimited number of indictments to be predicated upon an action hinging from a single fact-in Augustine, the theft. Implicit in that holding is that evidence of the theft, the thing taken (the horse and wagon), was required for both crimes.
In State v. Bonfanti, 262 La. 153, 262 So.2d 504 (La.1972), the court sustained the defendant's claim of double jeopardy regarding a subsequent charge of indecent behavior with a juvenile stemming from the same conduct for which he had been convicted of simple battery on the same juvenile. In Bonfanti, the court noted that the two charges arose from one occurrence. The evidence used to support the defendant's previous conviction of simple battery was his use of intentional force on the juvenile by putting his hands up her dress. There was no additional evidence to support the subsequent charge for indecent behavior, thus each offense required the same evidence and subsequent prosecution of the second charge was barred as double jeopardy.
As noted in State v. Didier, 262 La. 364, 263 So.2d 322, 328 (La.1972), Louisiana's "same evidence" test is based upon whether the actual evidence introduced at the second trial would have supported conviction in the first. There, it was determined that the defendant's subsequent *1292 prosecution for robbery-theft was barred by his earlier malfeasance prosecution and conviction. Interestingly, the Didier court posed the question, "Had the defendant been acquitted in the malfeasance prosecution [the first charge], he was necessarily innocent of the robbery-theft participation [the second charge]." Id. at 327.
The court looked to Bonfanti when it considered the case State v. Steele, supra. In Steele, the defendant had originally been charged with reckless driving, D.W.I., and negligent injuring. He pled guilty to D.W.I. and the charge of reckless driving was dismissed. The state then proceeded to prosecute Steele for negligent injuring. When applying the "same evidence" test to the crimes of D.W.I. and negligent injuring, the Supreme Court looked at the definitions of the two crimes, determined that the same evidence would not be required to convict Steele on both charges, and concluded that there was no double jeopardy as to the these two charges. However, when the Steele court applied the "same evidence" test to the charges of reckless driving and negligent injuring it concluded that the evidence to prove the second charge (i.e., negligent injuring), would have been sufficient to convict the defendant of the first charge (i.e., reckless driving). Id. at 1178. Thus, under the "same evidence" test a prosecution of the negligent injuring charge would be a violation against double jeopardy.
Further, we note State v. Sandifer, supra. In that case the defendant was charged with possession of marijuana and cocaine and possession of a weapon while in possession of controlled dangerous substance. The defendant pled guilty to possession of marijuana, and subsequently filed a motion to quash the weapon charge. Ultimately, the Louisiana Supreme Court determined that the evidence of the defendant's alleged possession of cocaine, for which he had not been convicted, provided a proper basis to support his prosecution under the weapon charge. Id. at 1330. The evidence of the defendant's possession of marijuana was not required in order to convict him of the weapon offense, because other evidence existed sufficient to support the charge.
Additionally, we note that La. C. Cr. P. art. 596 states that double jeopardy exists when the charges is "identical with or a different grade." (Emphasis added). Possession of marijuana, second offense, is a different grade of possession of marijuana, making La.C.Cr. P. art. 596 applicable to this offense. The possession of marijuana, second offense, stands in the same place as the possession of marijuana, and the defendant would be placed twice in jeopardy of the same offense. Notably, we are mindful that this opinion overrules this court's prior opinion in State v. Shrader, 38,327 (La.App. 2nd Cir.09/24/04), 881 So.2d 147.
Here, in order to convict Sims of the weapon charge, the state must prove possession of a controlled substance. There was no other substance in this case-only the marijuana for which he pleaded guilty in the possession of marijuana, second offense. Had some other evidence existed in order to support the weapon offense, for example, simultaneous possession of some other controlled substance, there would be no violation against double jeopardy. See State v. Sandifer, supra. Notably, an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. State v. Nichols, 337 So.2d 1074 (La.1976); State v. Blackson, supra. However, "no person should be punished more than once for the same offense, and that no one should be harassed *1293 by successive prosecutions for a single wrongful act or activity." La. C. Cr. P. art. 596, official revision comment (a) (1966); see also State v. Steele, supra. Here, the one, distinct act the defendant committed, the possession of marijuana, was the determinative factor in a successful prosecution of either offense. Because both offenses against Sims arise from the same course of conduct, prosecution of both would be double jeopardy. Importantly, in this particular case, without the possession of marijuana, either charge would have failed. So considering, we deny the state's writ application and affirm the trial court's ruling in favor of Cornelius Dangelo Sims.
AFFIRMED.
DREW, J., concurs with written reasons.
DREW, J., concurring.
Mr. Sims was charged with possession of marijuana, second offense, and illegal carrying of weapons while in possession of the same marijuana. I acknowledge that possession of marijuana, second offense, is a different grade of the crime of possession of marijuana. Consequently, double jeopardy applies under the more extensive analysis currently mandated in Louisiana.
The majority and I disagree, however, in its overruling of State v. Shrader, 38,327 (La.App.2d Cir.9/24/04), 881 So.2d 147. In that case, the two crimes were possession with intent to distribute diazepam and illegal carrying of firearms while in possession of the same diazepam. While possession of the drug was a common factor required to prove both charges, neither of the crimes can be considered as merely a different grade of the crime of possession of diazepam. Accordingly, the two crimes faced by Mr. Shrader did not trigger a violation of the Fifth Amendment's protection against double jeopardy. Bottom line: Shrader is distinguishable, and should not be overruled.
The application in Louisiana of the straightforward test enunciated by Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), would result in more consistent resolution of these double jeopardy claims.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] State v. Steele, 387 So.2d 1175 (La.1980).