654 So.2d 809 (1995)
STATE of Louisiana
v.
Renard WOODS.
No. 94-K-2650.
Court of Appeal of Louisiana, Fourth Circuit.
April 20, 1995.
*810 Harry F. Connick, Dist. Atty., Joseph R. McMahon, Asst. Dist. Atty., and Kelly O'Hara, Law Clerk, New Orleans, for relator.
Kendall Green, Orleans Indigent Defender Program, New Orleans, for respondent.
Before SCHOTT, C.J., and WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
This writ presents once again the question whether the trial court was correct when he granted a motion to quash a bill of information on the grounds of double jeopardy. Just recently we decided State v. Roy Warner (La.App. 4th Cir. 1995), 653 So.2d 57. The double jeopardy issues in that case are almost identical to the issues raised in the instant writ. In Warner the defendant was charged with a violation of La.R.S. 14:95(E) to which he plead guilty. Subsequent to that plea the prosecution charged him with the crime of simple possession of cocaine, this offense having been subsumed in the charge and evidence in his adjudication for possession of a firearm ... while in possession ... of a controlled dangerous substance. In Warner we affirmed the trial court's ruling and found that the prosecution was precluded from going forward with a second prosecution on the grounds of double jeopardy. The case under consideration presents the reverse scenario. The defendant herein has plead guilty to the simple possession of cocaine charge and the prosecution has charged him now with a violation under La.R.S. 14:95(E) relative to possession of a firearm... while in possession ... of a controlled dangerous substance, all charges stemming from the same arrest with the same evidence to be utilized at trial.

STATEMENT OF THE CASE.
On 29 November 1994, the defendant was charged in case # 373-246 with possession of cocaine. On 6 December 1994 the defendant plead guilty and was given a suspended sentence. On 29 November 1994 in case # 373-274 the defendant was charged with being in possession of a firearm while also being in possession of cocaine, in violation of La.R.S. 14:95(E), this charge arising out of the same incident which formed the basis for the *811 charge in case # 373-246. On 6 December 1994 the trial court granted his motion to quash the charge in case # 373-274 on double jeopardy grounds. Although the court reporter present on 6 December 1994 has certified that she has no notes on the motion to quash, this court has received a handwritten note from the law clerk from Section "H" indicating that the defense attorney believes that the motion to quash was submitted on the written motion and that the court granted the motion from the bench.

DISCUSSION
Both the Louisiana and United States Constitutions prohibit placing a person twice in jeopardy of life or limb for the same offense. United States Constitution, Amendment 5; Louisiana Constitution of 1974, Art. 1, Sect. 15; see also C.Cr.P. art. 596. In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. This test was affirmed by the Court in United States v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Additionally, Louisiana applies the "same evidence" test, a "broader test" than the federal Blockburger test. State v. Steele, 387 So.2d 1175 (1980); State v. Roy Warner, supra; State v. Smith, 94-0621 (La.App. 4th Cir. 12/15/94), 647 So.2d 1321; State v. Williams, 92-2080 (La. App. 4th Cir. 12/15/94), 647 So.2d 1244. In order for double jeopardy to occur, the evidence required to support a finding of guilt of one crime must also support conviction of the other, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
In Warner, the defendant pled guilty to a violation of La.R.S. 14:95(E), and then the State sought to prosecute him for simple possession of cocaine. This court upheld the trial court's quashing the La.R.S. 40:967(C) charge, finding that the defendant would have been subjected to double jeopardy if the State could prosecute him on the simple possession of cocaine charge, which arose from the same incident and which would have been proved by the same evidence by which the La.R.S. 14:95(E) charge would have been proved. Here, we are presented with the reverse situation presented in Warner. The defendant has plead guilty to simple possession of cocaine and the State seeks to prosecute him on a La.R.S. 14:95(E) charge. The State argues that the prosecution on the weapons charge is not double jeopardy because the possession of cocaine charge includes an element not found in the firearm charge. The prosecution argues that while La.R.S. 40:967 prohibits the knowing or intentional possession of a controlled dangerous substance, La.R.S. 14:95(E) speaks only of possession. Because knowing and intentional possession is an element of one statute not found in the other, prosecution on the firearms charge would not violate the prohibition against double jeopardy.
This issue has not been considered before. While it is correct that La.R.S. 14:95(E) does not speak of knowing or intentional possession of cocaine, it also does not speak of a knowing or intentional possession of the firearm. However, there are cases interpreting La.R.S. 14:95.1, which statute likewise does not specify that the possession of the firearm or concealed weapon by a convicted felon be knowing or intentional. In considering the elements of the crime and the sufficiency of evidence to support a conviction for La.R.S. 14:95.1, courts have held that the State must prove that the offender was aware that a firearm or concealed weapon is in his possession and that he had the general intent to possess the weapon; i.e., that he had a knowing or intentional possession. The common thread running through the cases cited below is that although La.R.S. 14:95.1 does not mention that the possession of a firearm or concealed weapon be intentional or knowing, jurisprudence has supplied this element. In State v. Husband, 437 So.2d 269, 271 (La.1983) the Supreme Court of Louisiana set forth the requisite elements of La.R.S. 14:95.1: "(1) possession of a firearm; (2) conviction of an enumerated felony; (3) absence of the ten year statutory period *812 of limitation; and (4) general intent to commit the offense." The Court concluded that the prosecution proved that the defendant had the intent to possess the gun by the officer's testimony that they saw the defendant holding the gun. Our court found in State v. Jones, 544 So.2d 1294, 1296 (La.App. 4th Cir.1989) that "Possession of a firearm by a convicted felon is a general intent crime. * * * Thus, in the case of a convicted felon in possession of a firearm, when the proof shows that the perpetrator carried on his person a firearm the necessary criminal intent has been furnished by the doing of the criminal act." In State v. Heacox, 543 So.2d 101 (La.App. 3rd Cir.1989), the defendant argued that the evidence was insufficient to support his conviction for La.R.S. 14:95.1 because the gun was partially covered by a holster, and it was lying on the car seat between him and the driver/owner of the car. In addition, the gun was found to belong to the mother of the driver. In reversing the defendant's conviction, the Third Circuit noted that there was no evidence introduced to show that the defendant was aware that the gun was in the car, or that if he was aware of its presence "there was no evidence that Heacox's intent amounted to an intent to possess rather than a mere acquiescence to the fact that [the driver] had a gun in his truck ... Therefore, the evidence falls short of proving beyond a reasonable doubt that Heacox was in constructive possession of the weapon." Id. at 105.
Other cases determining the sufficiency to support a conviction for La.R.S. 14:95.1 have required an intentional or knowing possession of the firearm or concealed weapon. In State v. Hills, 451 So.2d 1346 (La.App. 1st Cir.1984), reversed in part as to sentence 457 So.2d 1183 (1984), the court found that the defendant possessed the gun found on the floorboard next to the accelerator of the car the defendant was driving. The defendant, as the sole occupant of the car, had dominion and control over the gun, especially in light of the fact that the gun was positioned in such a way that anyone driving the car "could not have failed to notice it." Id. at 1347. In State v. Cobb, 419 So.2d 1237 (La. 1982) the Court found sufficient evidence of a violation of La.R.S. 14:95.1 where the defendant admitted that he knew his wife's gun was in the car he was driving. In State v. Lewis, 535 So.2d 943 (La.App. 2nd Cir.1988), writ denied 538 So.2d 608 (1989), cert. denied Lewis v. Louisiana, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 370 (1989), the defendant contended he was unaware of the guns found in his house as he had been out of town in the days prior to the execution of the search warrant for the house which uncovered the guns. He also argued that his wife had the guns for her protection. The Second Circuit rejected these arguments, finding that the location of several high-tech weapons in the master bedroom of the house, while being allegedly for the wife's protection, was such that the defendant must have been aware of their presence. In State v. Frank, 549 So.2d 401 (La.App. 3rd Cir.1989), the court rejected the defendant's argument that he was unaware the gun was in his car in which the police found him. The gun was lying on the seat right next to the defendant, who was unconscious, and the defendant was the sole occupant of the car. In State v. Hayes, 561 So.2d 184 (La.App. 5th Cir.1990), the court rejected the defendant's contention that he did not know a gun was in the car he was driving. Although the owner of the car testified that the defendant had merely borrowed the car and that he (the owner) had put the gun in the car, the gun was on the floorboard of the car on the driver's side, and the defendant was seen leaving ammunition next to a pay telephone which he had used just prior to being stopped by the police.
From the foregoing review of cases it is apparent that just as a knowing or intentional possession of a firearm is necessary for a violation of La.R.S. 14:95.1, it would follow that a knowing and intentional possession of both a firearm and a controlled dangerous substance would be necessary for a violation of La.R.S. 14:95(E). The defendant would have to have a general intent to possess a firearm while in the possession of a controlled dangerous substance in order to be convicted of La.R.S. 14:95.
Therefore, a knowing and intentional possession of cocaine is necessary for both a violation of La.R.S. 14:95(E) and 40:967. Applying *813 the Blockburger test, although La.R.S. 14:95(E) requires proof of an additional fact not necessary for a conviction for simple possession of cocaine, simple possession of cocaine does not require the proof of an additional fact not necessary for a conviction for La.R.S. 14:95(E). Thus, under this test prosecution on the La.R.S. 14:95(E) charge would violate the prohibition against double jeopardy found in the United States Constitution. Likewise, the same evidence which would be used to prove the La.R.S. 14:95(E) charge would necessarily have been the same evidence used to prove the simple possession of cocaine charge had the defendant not pled guilty to it. The cocaine possessed in the simple possession charge was the same cocaine which is alleged to have been possessed in the La.R.S. 14:95(E) charge, and the possession occurred at the same time. The prosecution on the La.R.S. 14:95(E) charge violates the defendant's right against double jeopardy. The trial court did not err by quashing this charge. Accordingly, the trial court's ruling is affirmed.
AFFIRMED.