877 So.2d 223 (2004)
STATE of Louisiana, Appellee,
v.
Ibrihim BARAKAT, Appellant.
Nos. 38,419-KA, 38,420-KA, 38,421-KA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 2004.
*225 Mark Manno, Indigent Defendant Board, James E. Beal, Jonesboro, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Joseph Gregorio, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS and MOORE, JJ.
GASKINS, J.
Following a jury trial, the defendant, Ibrihim Barakat, was convicted of possession of Schedule I controlled dangerous substance (CDS) (Methylenedioxyamphetamine or "MDA," commonly known as "Ecstasy"), possession of Schedule II CDS (cocaine), possession of Schedule III CDS (hydrocodone), and possession of a firearm while in possession of CDS (marijuana, MDA, cocaine, and hydrocodone).
The defendant was sentenced to serve two years imprisonment at hard labor on each of the drug possession convictions. For his conviction of possession of a firearm while in possession of CDS, he was sentenced to serve five years imprisonment at hard labor, without benefits. All sentences were ordered to run concurrently. The defendant now appeals.
Finding a double jeopardy violation, we vacate the defendant's drug possession convictions; however, we affirm his conviction and sentence for possession of a firearm while in possession of CDS.

FACTS
Between 7 and 8 p.m. on the night of June 13, 2001, undercover narcotics officers of the Bossier City Police Department began following the defendant, who was driving a rented green four-door Chevrolet Impala. The defendant and his passenger, Randall Hicks, traveled back and forth between Shreveport and Bossier City. At about 10 p.m., the officers stopped the defendant in Bossier Parish on the Texas Street bridge for failure to use his turn signal.
According to one officer, immediately prior to the stop, the car was going very slowly and there was movement between the defendant and his passenger. He testified that, as the car stopped, it appeared that they were reaching under the *226 seats and passing things between them. Another officer testified that he observed "very aggressive movement" inside the car, particularly from the defendant's side. He seemed to be frantically moving items toward the center console or under the seat.
When the officers approached the car, both occupants appeared to be nervous. After they exited the vehicle, the officers noticed that Hicks had something in his mouth which he was trying to chew. He was ordered to remove the items from his mouth; they included eight small baggies of crack cocaine and a small amount of marijuana.
A search of the car yielded a Beretta .40 caliber handgun concealed between the passenger's and driver's bucket seats. Also, a crack cocaine pipe was found on the floor of the passenger's seat. In a film cannister in the console area between the seats were 20 pills of MDA or Ecstasy, three plastic bags of crack cocaine, a partial marijuana "blunt" or cigar, and two Lortab pills containing hydrocodone (dihydrocodeinone). Both the defendant and Hicks were arrested.
The defendant was charged with possession with intent to distribute a Schedule I CDS, MDA (No. 38,419-KA); possession with intent to distribute a Schedule II CDS, cocaine (No. 38,419-KA); possession of a Schedule III CDS, hydrocodone (No. 38,420-KA); and possession of a firearm while in possession of controlled dangerous substances (No. 38,421-KA). He was also charged with possession of marijuana.
These matters were consolidated for trial and the defendant was tried by jury. He was convicted as charged on the firearm charge and the hydrocodone possession charge. On the MDA and cocaine charges, he was convicted of the lesser offenses of possession, as opposed to possession with intent to distribute. The jury's verdicts were all unanimous. At the conclusion of trial, the state dismissed the charge of possession of marijuana still pending against the defendant.
The defendant filed a motion for new trial or alternatively for postverdict judgment of acquittal. The motion was denied.
On the firearm conviction, the trial court imposed the mandatory minimum sentence of five years at hard labor without benefit of parole, probation or suspension of sentence. On each of the three drug possession convictions, the court sentenced the defendant to two years at hard labor. All sentences were ordered to be served concurrently.
The defendant appeals.

SUFFICIENCY OF EVIDENCE
In this assignment of error, the defendant challenged the sufficiency of the evidence that he was in constructive possession of the drugs found in his car. He argued that the drugs belonged to Hicks, his passenger. Hicks testified at trial that the drugs were his and that the defendant was unaware that he had them until they were stopped by the police.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. *227 When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.2/5/99), 737 So.2d 747.
Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Anderson, 36,969 (La.App.2d Cir.4/9/03), 842 So.2d 1222. For circumstantial evidence to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438.
To be guilty of possession of a controlled dangerous substance, one need not actually possess the contraband; constructive possession is sufficient to convict. Constructive possession means having an object subject to one's dominion and control, with knowledge of its presence, even though it is not in one's physical possession. State v. White, 37,261 (La.App.2d Cir.6/25/03), 850 So.2d 987.
A determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. State v. Toups, XXXX-XXXX (La.10/15/02), 833 So.2d 910.
The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Casey, XXXX-XXXX (La.1/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000); State v. Lee, 38,114 (La.App.2d Cir.3/3/04), 868 So.2d 256.
Hicks testified that the drugs found in the defendant's car were his and that the defendant was unaware of their presence. However, we note several contradictions between Hicks' testimony and that of the police officers. Among other things, he testified that the defendant's gun was in a paper bag in the back seat of the car; the officers testified that it was recovered from between the passenger's and driver's seats and that it was within a foot of either occupant. He also testified that the Ecstasy and Lortab pills were in his pocket; according to the officers, a film cannister containing these drugs was found in the console between the front seats occupied by the defendant and Hicks.
The jury as the trier of fact heard the testimony of all of the witnesses and obviously chose to believe the two police officers instead of Hicks. Such a credibility call was well within the jury's province.
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the defendant exercised dominion and control over the controlled dangerous substances in his car sufficient to constitute constructive possession. The defendant had rented the vehicle. He had immediate and close access to the drugs found in the console area of the vehicle. This alone is sufficient to find that the defendant had possession of *228 the drugs; thus, it is unnecessary to consider the drugs that were in Hicks' actual possession. The officers noticed "frantic" and "very aggressive" activity between the two car occupants immediately before the traffic stop which was indicative of efforts to conceal the evidence. Also, drug paraphernalia, a crack pipe, was found inside the defendant's vehicle.
The peculiar facts of this case support the finding that the defendant constructively possessed the drugs. Although the defendant offered a hypothesis of innocence  that the drugs belonged to Hicks and were present without his knowledge  this hypothesis was obviously rejected and not considered reasonable by the jury.
This assignment of error lacks merit.

DOUBLE JEOPARDY
The defendant contends that his conviction on the firearm charge constituted double jeopardy because it was based on the other drug charges for which he was convicted, i.e., possession of MDA, cocaine, and hydrocodone. Furthermore, he maintains that when the state elected to prosecute him for the felony drug charges, the bill of information on the firearm charge should have been amended to recite only marijuana as the underlying contraband offense.
The bill of information on the firearm charge specified that the defendant violated the provisions of La. R.S. 14:95(E) by being in the possession of a firearm while also in possession of Schedule I, II and III CDS, "namely, marijuana, methylenedioxyamphetamine (MDA), cocaine, and hydrodocone [sic]."
When charging the jury on the firearm charge, the trial court stated the following:
Thus, in order to find the defendant guilty as charged you must find that the defendant was engaged in the possession of marijuana, MDA, cocaine or hydrocodone and that the defendant possessed or had under his immediate control a firearm while committing such offense.
Both the Louisiana and United States Constitutions prohibit placing a person twice in jeopardy of life or limb for the same offense. U.S. Const. amend. V; La. Const., art. 1, § 15; see also C. Cr. P. arts. 591 and 596.
In State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, the defendant was charged with possession of marijuana and cocaine; also, a bill of information was filed under La. R.S. 14:95(E), based on possession of marijuana and cocaine, charging him with possession of a firearm while in the possession of a CDS. The defendant pled guilty to possession of marijuana. The trial court granted the defendant's motion to quash the bill of information based on double jeopardy and declaring La. R.S. 14:95(E) unconstitutional.
The supreme court found that since the defendant had pled guilty only to the marijuana charge, the evidence of his alleged cocaine possession  for which he had not yet been convicted  provided a proper basis to support his prosecution under La. R.S. 14:95(E). The court ruled that, as long as the defendant was not separately prosecuted for the cocaine possession offense, no double jeopardy prohibition existed under either the "additional fact" or the "same evidence" tests used to determine double jeopardy violations. It found that the trial court was "unduly technical" in refusing to allow the state an opportunity to amend the bill of information to delete the words "marijuana and" from the bill of information and then to proceed on the charge of possession of a firearm while in the possession of cocaine.
In reaching its conclusion, the supreme court considered State v. Warner, 94-2649 (La.App. 4th Cir.3/16/95), 653 So.2d 57, writ denied, 95-0943 (La.5/19/95), 654 *229 So.2d 1089, and State v. Woods, 94-2650 (La.App. 4th Cir.4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035.
In Warner, supra, the defendant pled guilty to a violation of La. R.S. 14:95(E) while in possession of cocaine. The state sought to prosecute him separately for the offense of cocaine possession arising out of the same facts. The appellate court upheld the trial court's quashing of the cocaine charge. In Woods, supra, the reverse scenario was presented. The defendant was charged with cocaine possession and, in a separate case, possession of a firearm while in possession of cocaine in violation of La. R.S. 14:95(E). He pled guilty to the cocaine possession charge. The trial court granted his motion to quash the firearm charge on double jeopardy grounds. The appellate court affirmed. It found that prosecution of the firearm possession charge would violate double jeopardy under both the Blockburger federal test[1] and the broader "same evidence" test used in Louisiana.[2]
Under Sandifer, supra, it was a technical flaw in the instant case for the state to list MDA, cocaine and hydrocodone in the bill of information filed under La. R.S. 14:95(E). That is, the Double Jeopardy Clause prevents an offender from being convicted of both the underlying offense for a 14:95(E) violation and the 14:95(E) violation itself, under the same rationale that precludes an offender from being convicted of both a felony murder and the underlying felony. The indictment creates a double jeopardy issue. Since the possession of the drugs was an element of the offense of possession of a firearm while possessing those drugs, the double jeopardy clause of the federal and state constitutions were violated. Had this issue been litigated at an earlier juncture in these proceedings, we could have allowed the state to amend the bill of information for the firearm possession charge to eliminate all of the enumerated CDS except the marijuana. However, at this stage of the prosecution/conviction, there is no opportunity to correct this technical problem.
To remedy a violation of double jeopardy, the reviewing court vacates the conviction and sentence of the less severely punishable offense and affirms the conviction and sentence of the more severely punishable offense. State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990); State v. Lee, 554 So.2d 180 (La.App. 2d Cir.1989).
Consequently, we are obliged to vacate the defendant's drug convictions. However, the conviction for possession of a firearm while in possession of CDS, the more severely punishable offense, is affirmed.

CONCLUSION
We vacate the defendant's convictions and sentences for possession of MDA, possession of cocaine, and possession of hydrocodone. We affirm the defendant's conviction and sentence for possession of a firearm while in possession of CDS.
VACATED IN PART; AFFIRMED IN PART.
NOTES
[1] The test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), determines whether each crime requires proof of an additional fact which the other does not. State v. Blackson, 38,044 (La.App.2d Cir.1/28/04), 865 So.2d 272.
[2] The "same evidence" test evaluates whether the evidence required to support a finding of guilt of one crime would also have supported a conviction for the other crime. The test depends on the evidence necessary for conviction, not all of the evidence introduced at trial. State v. Steele, 387 So.2d 1175 (La.1980).