881 So.2d 147 (2004)
STATE of Louisiana, Appellee
v.
Christopher SHRADER, Appellant.
No. 38,327-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
Opinion Granting Rehearing September 24, 2004.
*149 Daryl Gold, Shreveport, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Joseph A. Gregorio, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
CARAWAY, J.
A jury convicted Christopher Shrader of possession with intent to distribute diazepam, illegal carrying of weapons while in possession of a controlled dangerous substance (CDS), and aggravated flight from an officer. For these convictions Shrader received five years at hard labor on the drug charge to be served concurrent with five years at hard labor without benefit of parole, probation or suspension of sentence on the weapon count. He was given an additional consecutive sentence of one year at hard labor for the fleeing conviction. Shrader appeals his conviction arguing insufficient evidence for the gun possession offense and the trial court's denial of his procedural right to back-strike a prospective juror. Finding a double jeopardy violation, we vacate Shrader's drug conviction and sentence, and affirm the firearm conviction and sentence.

Facts
During the early morning hours of July 6, 2000, undercover officers of the Bossier City Police Department attempted to initiate a traffic stop of the white Chevrolet pickup truck driven by Shrader, but registered *150 in the name of a Shreveport law enforcement officer. Shrader fled from officers, leading numerous police vehicles in a westbound high speed chase down Interstate 220 through Bossier and Caddo Parishes. As Shrader's vehicle crossed the Red River Bridge, Officer Ashley Kneipp observed Shrader's vehicle hit the guardrail as he threw something out of the window over the bridge toward the river below. Other Bossier City police officers were dispatched to secure that location. In the meantime, the chase continued into Shreveport. After striking a Bossier City police vehicle in a parking lot and hitting the wall of a television news station, Shrader continued south on North Market street, eventually changing lanes and ramming a second police vehicle. Shrader then pulled into a gas station, striking a third police car. By this time, members of the Shreveport Police Department had joined the chase. Finally, Officer Kneipp was able to sandwich Shrader's then disabled vehicle between her car and another unmarked unit. The officers pulled Shrader from his vehicle, handcuffed him and read him his rights.
As Shrader was being arrested, at least two officers observed a gun in the truck. A third officer who inventoried the vehicle retrieved a gun from the truck. The ownership of the gun, by the defendant or any other person, was not established at trial.
The officers who remained on the bridge monitored what they believed to be evidence below. Eventually, police were able to recover by boat approximately 637 pills, later identified as Diazepam or Valium, on a sandbar in the river right below the bridge.
The jury rendered unanimous guilty verdicts on the drug possession and fleeing charges; a ten-two vote was returned on the gun charge. After the trial court denied his Motion for Post Verdict Judgment of Acquittal as to his gun possession conviction, Shrader appealed.

Discussion
On appeal, Shrader argues that the trial court erred in not allowing him to exhaust all of his peremptory challenges after the jury was tentatively chosen, but before the jury panel had been sworn as a whole. Shrader also argues that the evidence was insufficient to convict him of possession of a firearm while in the possession of a Schedule IV controlled dangerous substance because the state failed to exclude the reasonable hypothesis that the gun in the vehicle belonged to the law enforcement officer who owned the truck.

Sufficiency of the Evidence
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, *151 the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Anderson, 36,969 (La.App. 2d Cir.4/9/03), 842 So.2d 1222. For circumstantial evidence to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438.
Specifically, Shrader contends that the state failed to show he knew "at the time he possessed drugs that the gun was in the vehicle." He reasons that since the vehicle was owned by a Shreveport law enforcement officer, and the handgun found was the same type used by police officers, it is logical to conclude that the gun was owned by the officer and fell out during the high speed chase. Additionally, he points out that the state failed to obtain fingerprints from the weapon.
In pertinent part La. R.S. 14:95(E) prohibits the carrying of weapons if the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while in the possession of or during the sale or distribution of a controlled dangerous substance.
The term "possess" is broad enough to encompass both actual and constructive possession under La. R.S. 14:95(E). State v. Blanchard, 99-3439 (La.1/18/01), 776 So.2d 1165. Constructive possession occurs when the firearm is subject to a defendant's dominion and control even temporarily. Id. A knowing and intentional possession of both a firearm and a controlled dangerous substance is necessary for a violation of La. R.S. 14:95(E). State v. Woods, 94-2650 (La.App. 4th Cir.4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035. Constructive possession contains an element of awareness or knowledge that the firearm is there and general intent to possess it. State v. Ball, 31,515 (La.App. 2d Cir.12/9/98), 733 So.2d 1, aff'd, 99-0428 (La.11/30/99), 756 So.2d 275. General intent exists when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10. Although the existence of intent is a question of fact, it may be inferred from the circumstances of the transaction. State v. Joseph, 02-1370 (La.App. 3d Cir.4/17/03), 854 So.2d 914.
At the time of Shrader's arrest, three officers observed a gun in the truck driven by him. When Shrader's vehicle was finally stopped, Officer Kneipp saw a 40-caliber pistol on the floorboard of the truck. Kneipp acknowledged the gun was the type issued to Bossier City police officers. A second officer, Richard McGee, also testified that when Shrader was being extracted from the vehicle, he saw a weapon on the front seat that fell to the floorboard. The officer who actually retrieved the gun from the vehicle was Shane Culver, an officer with the Bossier City narcotics division. Culver testified he found a mini-Glock on the front seat of the truck. He unloaded the gun into the vehicle and did not inventory the bullets nor obtain fingerprints from the weapon.
*152 Shrader argues that Culver's testimony was not credible since the bullets were not taken and preserved as evidence. However, the issue of whether a gun is loaded is not a component of the present offense. Additionally, issues regarding Culver's failure to inventory the bullets goes to the credibility of the officer. Whether or not the jury believed Culver's explanation was an issue for the jury which is accorded great deference on appeal. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, State ex rel. Gilliam v. State, 02-3090 (La.11/14/03), 858 So.2d 422.
McGee also testified that when the defendant was being extracted from the vehicle he saw "a weapon on the front seat, falling on the front seat, then fall to the floorboard." Evidence of a gun on the front seat of the truck driven by a defendant who possessed controlled dangerous substances is sufficient to establish a violation of La. R.S. 14:95(E). State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324. The circumstances indicate that Shrader must have known of the presence of the gun in the vehicle and that he had dominion and control over it.
Shrader's argument is further based on the fact that he did not own the vehicle and, inferentially, may not have owned the gun. Ownership, however, is not an element of the crime. Shrader must only have possessed the weapon or had it under his immediate control. This was established beyond a reasonable doubt by the officer's testimony that the gun was seen beside Shrader on the seat of the vehicle. There are no inferences that arise from Shrader's lack of ownership of the vehicle which clearly established a reasonable hypothesis that he did not have the weapon under his immediate control. Accordingly, from this evidence, the jury could have reasonably concluded to the exclusion of every other reasonable hypothesis of innocence that Shrader knowingly and intentionally possessed the gun for his own purposes while in the possession of Diazepam.

Juror Challenge
Shrader also challenges the trial court's denial of his attempt to verbally peremptorily challenge ("back-strike") an unspecified juror, after initially accepting the juror but before the final jury panel was sworn.
During voir dire in the present matter, the trial court operated under its Local Rule 19 which required each side to simultaneously submit both its cause and peremptory challenges. The challenges were submitted in writing after both the state and defense had been given the opportunity to question members of the panel. The court also allowed limited back-strikes.
In this case, after the trial court announced it had its 12-person jury, Shrader's attorney informed the court he wished to utilize his last peremptory challenge. The trial court denied this request explaining that he had just sought challenges from both sides and defense counsel had written that he had none. The trial court further explained that to allow the defense to make the objection after the court announced it had a complete jury undermined the reason for having "simultaneous exercise of peremptory challenges," namely, the prevention of giving either side some type of strategy advantage by exercising a challenge when the other side did not do so.
Shrader objected to the ruling on the grounds that he was entitled to exercise his last peremptory challenge pursuant to La. C. Cr. P. art. 795 B(1). On appeal Shrader contends that the trial court's ruling denied him equal protection under the law. La. C. Cr. P. art. 841 *153 requires a party to make an objection to a ruling contemporaneously with the occurrence of the alleged error as well as the grounds for the objection. A new basis for an objection may not be raised for the first time on appeal. State v. Johnson, 03-620 (La.App. 5th Cir.10/28/03), 860 So.2d 180, writ denied, 03-3171 (La.3/19/04), 869 So.2d 849. Because Shrader made no equal protection argument to the trial court, he is precluded from first raising this issue on appeal. Moreover, on appeal, Shrader has not identified the specific juror he would have challenged nor the prejudice of the trial court's ruling. Even so, our review of the record reveals no prejudice in the ruling. La. C. Cr. P. art. 921.
A defendant has the right to full voir dire examination of prospective jurors, and to peremptory challenges. La. Const. art. I § 17. The purpose of voir dire examination is to determine the qualifications of prospective jurors by testing their competency and impartiality. It is designed to discover bases for challenges for cause, and to secure information for an intelligent exercise of peremptory challenges. State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364, cert. denied, Taylor v. Louisiana, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996).
Relevant to the selection of jurors, La. C. Cr. P. art. 788 provides:
A. After the examination provided by Article 786, a prospective juror may be tendered first to the state, which shall accept or challenge him. If the state accepts the prospective juror, he shall be tendered to the defendant, who shall accept or challenge him. When a prospective juror is accepted by the state and the defendant, he shall be sworn immediately as a juror. This Article is subject to the provisions of Articles 795 and 796.
B. If the court does not require tendering of jurors, it shall by local rule provide for a system of simultaneous exercise of challenges.
Additionally, La. C. Cr. P. art. 795(B)(1) provides that "[p]eremptory challenges shall be exercised prior to the swearing of the jury panel." Finally, Twenty-Sixth Judicial District Court Local Rule 19 provides:
In jury trials, both civil and criminal, peremptory challenges shall be exercised by all parties simultaneously. All challenges shall be in writing and signed by the attorney or party if unrepresented.
The Louisiana Supreme Court has specifically ruled that a juror who is temporarily accepted and sworn may nevertheless be challenged peremptorily prior to the swearing of the jury panel. State v. Taylor, supra. Nonetheless, the erroneous denial of the right to back-strike is subject to harmless error review. Id. To review for harmless error, it is necessary to analyze whether the voir dire afforded the defendant was sufficiently full. This is accomplished by examining the voir dire as a whole. State v. Taylor, supra; State v. Plaisance, 00-1858 (La.App. 4th Cir.3/6/02), 811 So.2d 1172, writ denied, 02-1395 (La.11/27/02), 831 So.2d 270, cert. denied, 538 U.S. 1038, 123 S.Ct. 2084, 155 L.Ed.2d 1071 (2003).
In Taylor, the state and defense agreed to a system of simultaneous challenges. Twelve jurors had been selected but had not been sworn when the defendant asked the court to allow him to exercise his remaining four peremptory challenges. The court declined the request. On appeal, defendant argued that he was prejudiced because he would have struck a particular juror. Reviewing Articles 788(A) and 795(B)(1) of the Code of Criminal Procedure, the Louisiana Supreme Court agreed *154 that the defendant should have been allowed to exercise peremptory challenges before the panel was sworn, but found the error harmless. Regarding the specific juror, who was in the final panel, the court noted that both the defense and state were given the opportunity to challenge that juror. After this juror was accepted, twelve jurors had been chosen but not finally sworn. The court ruled that under these circumstances, Taylor had sufficient opportunity to challenge the juror and could have exercised its peremptory challenge to excuse her.
In the present matter, the record before us shows that during the three-day jury selection, defense counsel thoroughly questioned the jurors during the general voir dire. Moreover, the court allowed limited back-strikes, and excused two other persons after they were individually sworn under La. C. Cr. P. art. 788(A). The court also reopened its discussion for cause on one juror after the state and defense orally agreed that the juror should be released. Like Taylor, supra, the court's refusal to allow a back-strike after twelve jurors were chosen did not prevent Shrader from utilizing a peremptory challenge on any of the selected jurors during the jury selection process. At the time of the challenge, Shrader had one remaining peremptory challenge which he failed to utilize on the alternate juror. As a whole, we find that the voir dire afforded Shrader allowed him to adequately test the competency and impartiality of the prospective jurors. Moreover, Shrader has failed to allege specific prejudice and the record does not reflect that an unsuitable juror was chosen. On these grounds, we find that any error in the trial court's denial of Shrader's attempt to back-strike to be harmless.

Error Patent
Appellant's final assignment was a request for this court to examine the record to determine if there are any errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. See State v. Lam, 36,862 (La.App. 2d Cir.2/11/03), 837 So.2d 749, writ denied, 03-0945 (La.10/3/03), 855 So.2d 308.
After such review of the record before us, we find that Shrader's double jeopardy rights have been violated. A violation of double jeopardy apparent on the face of the record is reviewable as error patent. State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990). Shrader's indictment and prosecution for possession of a CDS with intent to distribute and possession of a firearm while in possession of a CDS violates the double jeopardy clauses of both the federal and state constitutions which prohibit an offender from being convicted of both the underlying drug offense for a La. 14:95(E) violation and the 14:95(E) violation itself. State v. Barakat, 38,419, 38,420, 38,421 (La.App. 2d Cir.6/23/04), 877 So.2d 223. The same rationale that precludes an offender from being convicted of both a felony murder and the underlying felony applies in this case. State v. Thomas, 99-2219 (La.App. 4th Cir.5/17/00), 764 So.2d 1104. See also, State v. Sandifer, supra; State v. Woods, supra; State v. Warner, 94-2649 (La.App. 4th Cir.3/16/95), 653 So.2d 57, writ denied, 95-0943 (La.5/19/95), 654 So.2d 1089.
To remedy such a double jeopardy violation, the reviewing court vacates the conviction and sentence of the less severely punishable offense and affirms the conviction and sentence of the more severely punishable offense. State ex rel. Adams, supra. Accordingly, we vacate Shrader's conviction and sentence for possession with intent to distribute diazepam and affirm the more severely punishable firearm offense conviction and sentence.

*155 Conclusion

The defendant's conviction and sentence under La. R.S. 40:969(A) for possession of diazepam with intent to distribute are vacated. Defendant's convictions and sentences for possession of a firearm while in possession of diazepam in violation of La. R.S. 14:95(E) and aggravated flight from an officer in violation of La. R.S. 14:108.1 are affirmed.
VACATED IN PART; AFFIRMED IN PART.
DREW, J., dissents with written reasons.
DREW, J., dissents with written reasons.
Separate elements of proof are required for possession with intent to distribute diazepam, as compared with possession of a firearm while in possession of diazepam. Hence, the Double Jeopardy protections of the Fifth Amendment were never triggered by the dual prosecution of these two charges. Therefore, we should have affirmed in all respects, and I must respectfully dissent.

ON REHEARING
DREW, J.
In our court's otherwise excellent previous opinion, State v. Shrader, 2004 WL 1837893 (La.App. 2d Cir.8/18/04), 881 So.2d 147, a 2-1 majority made a finding of error patent, holding that the dual prosecutions here implicated a violation of the Fifth Amendment's protections against double jeopardy. I dissented to that finding, otherwise joining in the well-crafted decision.
At rehearing, a 3-2 majority concluded that both prosecutions are valid, each crime requiring proof of a separate element not necessary for the conviction of the other offense.
This is a difficult, confusing, and complex area, and one in which reasonable minds often differ.
The defendant here was prosecuted and convicted of two crimes:
 Possession with intent to distribute certain drugs; and
 Illegal carrying of firearms while in possession of the same drugs.
While these crimes have an obvious common element (possession of the drugs), each crime requires an element which the other does not; therefore, no double jeopardy violations are implicated.
This is a different situation from a prosecution of felony murder predicated upon the commission of a certain felony, along with a prosecution for that same underlying felony. State v. Thomas, 99-2219 (La.App. 4th Cir.5/17/00), 764 So.2d 1104.
This instant case is also distinguishable from our very recent opinion by which we properly found double jeopardy strictures were violated when the defendant was prosecuted for both possession of a drug, and possession of a firearm while in possession of the same drug. State v. Barakat, 38,419 (La.App. 2d Cir.6/23/04), 877 So.2d 223.
Accordingly, we adopt all but the last three paragraphs of our previous opinion. Shrader, supra. Finding no violation of Shrader's protection against double jeopardy, however, we now affirm the defendant's conviction and sentence in all respects.
AFFIRMED.
CARAWAY, J., dissents with written reasons.
WILLIAMS, J., dissents for the reasons assigned by J. CARAWAY.
*156 CARAWAY, J., dissents from the rehearing with written reasons.
In this case, Shrader was convicted of both possession of Diazepam with intent to distribute and possession of Diazepam while in the possession of a firearm. The same Diazepam formed the basis for the convictions of both offenses which occurred as one event. The majority on rehearing indicates that the added element of intent to distribute the CDS made the one drug crime in this case different from the other for purposes of double jeopardy. In agreeing with this court's recent ruling in State v. Barakat, 38,419 (La.App. 2d Cir.6/23/04), 877 So.2d 223, the majority does not single out the element of gun possession as the lynchpin for its ruling because such possession is not criminal in and of itself and is meaningless until associated with the underlying possessory drug crime. Thus, the majority tacitly acknowledges that we are dealing only with the possessory drug crime and the crime of distribution of that same drug. The question of double jeopardy in such context has long been decided.
In State v. Dubaz, 468 So.2d 554 (La.1985), the Louisiana Supreme Court concluded that convictions for both possession of cocaine with intent to distribute and simple possession of the same substance violated double jeopardy. See also, State v. Cormier, 97-2882 (La.4/3/98), 717 So.2d 227. Of course, this court's ruling in Barakat, relying partially on State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, held that convictions for possession of a firearm while in the possession of a controlled dangerous substance and possession of that same substance violated double jeopardy as well. Again, Barakat recognized that the firearm factual element which was not an element of proof for one of the two crimes could not serve to defeat double jeopardy. Sandifer implied that under double jeopardy principles, a defendant could not be prosecuted for a firearms enhancement of the possession of a controlled dangerous substance and the possession of that same substance. Finally, in State v. Thomas, 99-2219 (La.App. 4th Cir.5/17/00), 764 So.2d 1104, writ denied, 00-1734 (La.6/22/01), 794 So.2d 780, the court concluded that convictions for both possession of cocaine with intent to distribute and possession of a firearm while in the possession of the same cocaine violated principles of double jeopardy.
The majority ruling therefore would reverse these cases, including the Dubaz decision by our highest court which is directly on point, without making any new distinction between the two drug crimes in question. Distribution of a CDS (which necessarily entails possession), and possession of the same CDS (whether with a firearm or not), when occurring together in the same criminal transaction, cannot be prosecuted as two separate crimes because of the double jeopardy principle as interpreted by the jurisprudence of this state. I respectfully dissent.