STATE OF LOUISIANA, Appellee
v.
KEVIN DEON KIRTS, Appellant.
No. 43,905-KA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 2009.
Not Designated for Publication.
HOLLI HERRIE-CASTILLO, CAREY J. ELLIS, III, Louisiana Appellate Project, Counsel for Appellant.
PAUL J. CARMOUCHE, District Attorney, TOMMY J. JOHNSON, DAMON DANIEL KERVIN, Assistant District Attorneys, Counsel for Appellee.
Before CARAWAY, MOORE and LOLLEY, JJ.
CARAWAY, J.
Kevin Kirts was convicted after a jury trial of possession of cocaine with intent to distribute, in violation of La. R.S. 40:967A(1). Kirts assigns as error the insufficiency of the evidence to convict him. We affirm.
At approximately 9:30 p.m. on April 12, 2007, Agents Chad Denham and Matt Sharpley of the Shreveport Police Department responded to a complaint from a Shreveport City Council member about narcotics, and went to the 1400 block of Kenneth Street in Shreveport. When the officers arrived, a group of individuals broke and ran, with one, identified in court by the agents as Kirts, running into a vacant house.
When Sergeant David Derrick knocked on the front door of that house, Kirts stepped out the back of the house. Agent Denham, who was waiting at the rear of the house, approached Kirts, identified himself as the police, and attempted to pat the defendant down for weapons. Despite the officer's clothing and badge identifying him as a police officer, Kirts resisted, pushing the officer's hand away. Spotting a shiny object at the defendant's waistline, Agent Denham grabbed Kirts around the waist to prevent any access to a possible weapon. After a struggle in which both parties fell to the ground, Agent Denham, with the assistance of Agent Sharpley, secured Kirts. Agent Sharpley then immediately discovered a small paper bag about two feet away from Kirts near a fence. The bag contained a substance which was later identified as crack cocaine. Agent Denham searched Kirts and found $195 in currency in twenties, tens and fives.
Agent Denham testified that a single use dose (1/10 of a gram) of crack cocaine sells for $10.00, and that the bag found at the point of the defendant's arrest contained 18 grams, enough for 180 doses. The officer identified the cocaine that was seized.[1]
On cross-examination, Agent Denham described how he had pursued one individual until that person ran inside the back of the vacant house. He testified that when the other officers knocked on the door, he made a brief search behind the house near the fence area looking for anything abandoned or the presence of other persons. Agent Denham testified that he found no drugs by the fence at this time. He estimated that Kirts remained in the house for two minutes. When the other officers knocked on the front door, Agent Denham waited and Kirts slowly emerged and closed the back door before the struggle and arrest ensued. Agent Denham explained that the tussle began at the back of the house and ended near the fence behind the house which is approximately ten feet away.
Agent Sharpley testified that it was Kirts who ran from the front to the back of the house and struggled with Agent Denham. Agent Sharpley discovered the bag containing cocaine near the fence. He testified that the struggle between Agent Denham and Kirts ended about three to four feet from the fence. As he and Agent Denham stood Kirts up, Agent Sharpley saw the cocaine approximately one or two feet from Kirts.
Sergeant David Derrick, a police veteran of 14 years, also testified. Sergeant Derrick echoed the testimony of the other two officers that the large amount of drugs was inconsistent with personal use. Bruce Stentz, a forensic chemist with the North Louisiana Crime Lab, was first qualified and accepted as an expert and testified that the substance seized was cocaine.
Kirts testified on his own behalf, claiming to have lived in the house even though the officers' testimony indicated that it was abandoned and had been searched previously in investigations involving other drug complaints. Kirts denied ownership or any connection with the drugs.
The jury convicted Kirts by an 11-1 vote and the trial court denied Kirts's motions for post verdict judgment of acquittal and new trial. After Kirts was adjudicated a third felony offender in habitual offender proceedings, the trial court sentenced him to 27 years at hard labor. The sentence imposed is not at issue in this appeal.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 01-1658 (La. 5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La. 2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La. App. 2d Cir. 8/29/02), 827 So.2d 488, writ denied, 02-2634 (La. 9/05/03), 852 So.2d 1020.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Owens, 30,903 (La. App. 2d Cir. 9/25/98), 719 So.2d 610, writ denied, 98-2723 (La. 2/5/99), 737 So.2d 747.
When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La. 1983); State v. Barakat, 38,419 (La. App. 2d Cir. 6/23/04), 877 So.2d 223. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Barakat, supra. A conviction based upon circumstantial evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438.
A person commits the crime of possession of cocaine with intent to distribute if he knowingly or intentionally possesses cocaine with the intent to distribute it. La. R.S. 40:967(A)(1). The state must prove that the defendant knowingly and intentionally possessed the drug and that he did so with the specific intent to distribute it. State v. Brown 43,458, (La. App. 2d Cir. 9/24/08), 996 So.2d 461; State v. Taylor, 39,651 (La. App. 2d Cir. 4/6/05), 900 So.2d 212; State v. Johnson, 34,902 (La. App. 2d Cir. 9/26/01), 796 So.2d 201, writ denied, 03-2631 (La. 11/8/04), 885 So.2d 1124.
The test for determining whether intent to distribute exists includes five factors: (1) packaging in a form usually associated with distribution; (2) evidence of other sales or attempted sales by the defendant; (3) a large amount or quantity of the drug such as to create an inference of intent to distribute; (4) expert or other testimony that the amount was inconsistent with personal use; and (5) the existence of any paraphernalia, such as Baggies or scales, evidencing an intent to distribute. State v. Foster, 43,777 (La. App. 2d Cir. 1/28/09), 2009 WL 211492; State v. Clark, 35,272 (La. App. 2d Cir. 12/5/01), 803 So.2d 280. Testimony of street value and dosage of the drug is also relevant to the issue of intent to distribute. State v. Tornabene, 337 So.2d 214 (La. 1976); State v. Gladney, 29,791 (La. App. 2d Cir. 9/24/97), 700 So.2d 575.
It is not necessary for the state to prove that the defendant was in actual possession of the contraband; rather, proof of constructive possession is sufficient. Constructive possession is shown when the state proves that the contraband was within the defendant's dominion and control and that the defendant had knowledge of its presence. State v. Toups, 01-1875 (La. 10/15/02), 833 So.2d 910; State v. Taylor, supra; State v. Holland, 37,922 (La. App. 2d Cir. 12/10/03), 862 So.2d 448.
The mere presence of a person in the place where contraband is found or the mere association with another person possessing contraband is not sufficient to prove constructive possession. State v. Harris, 94-0970 (La. 12/8/94), 647 So.2d 337; State v. Brown, 42,188 (La. App. 2d Cir. 9/26/07), 966 So.2d 727, writ denied, 07-2199 (La. 4/18/08), 978 So.2d 347. Guilty knowledge is an essential element of a possession charge, and such knowledge may be inferred from the circumstances. State v. Toups, supra; State v. Taylor, supra. A determination of whether the defendant was in possession depends on the "peculiar facts" of each case, which may include the following: (1) the defendant's knowledge that the contraband is in an area; (2) his relationship with the person found to be in actual possession; (3) his access to the area where the drugs were found; (4) evidence of recent drug use; and (5) the defendant's physical proximity to the contraband. State v. Taylor, supra. Further, a defendant may have constructive possession if he willfully and knowingly shares the right to control the contraband with another. Id.
On appeal, Kirts argues that the evidence was insufficient to support his conviction because the state failed to prove the element of possession. Kirts argues that in light of the number of people who ran when encountered by the officers and the fact that neither officer saw him dispose of the cocaine, it is equally plausible to conclude that the cocaine was discarded by another person.
Our review of the evidence indicates that the Jackson standard has clearly been met. If believed, the testimony of the officers established beyond a reasonable doubt that before Kirts exited the back door of the house, Agent Denham had positioned himself behind the house and for one to two minutes had made a brief search of the area with a flashlight. When Kirts emerged and after a struggle to subdue him, a quantity of cocaine was found within two feet of the defendant, in the area previously searched by the officer. There was no evidence of any other person encountered by the officers behind the house where the cocaine was found. The amount of cocaine was inconsistent with personal use and consistent with amounts held for distribution. Thus, although the officers did not observe Kirts discard the cocaine, the evidence established that the cocaine was found close to him in an area which was free of drugs only minutes before the struggle. From the facts established by the direct evidence and inferred from the circumstantial evidence presented by the state, the jury could have reasonably rejected Kirts's claim that he knew nothing about the cocaine or that it belonged to somebody else. For these reasons, Kirts's conviction is affirmed.
CONVICTION AFFIRMED.
NOTES
[1] The attorneys stipulated to the chain of custody of the drugs seized.