DREW, J.,
concurring.
_|jMr. Sims was charged with possession of marijuana, second offense, and illegal carrying of weapons while in possession of the same marijuana. I acknowledge that possession of marijuana, second offense, is a different grade of the crime of possession of marijuana. Consequently, double jeopardy applies under the more extensive analysis currently mandated in Louisiana.
The majority and I disagree, however, in its overruling of State v. Shrader, 38,327 (La.App.2d Cir.9/24/04), 881 So.2d 147. In that case, the two crimes were possession with intent to distribute diazepam and illegal carrying of firearms while in possession of the same diazepam. While possession of the drug was a common factor required to prove both charges, neither of the crimes can be considered as merely a different grade of the crime of possession of diazepam. Accordingly, the two crimes faced by Mr. Shrader did not trigger a violation of the Fifth Amendment’s protection against double jeopardy. Bottom line: Shrader is distinguishable, and should not be overruled.
The application in Louisiana of the straightforward test enunciated by Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), would result in more consistent resolution of these double jeopardy claims.