Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,644-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

QUINTON DAMONE HILL                         Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 346,581

Honorable Craig Owen Marcotte, Judge

* * * * *

LAW OFFICES OF                          Counsel for Appellant
J. RANSDELL KEENE
By:  J. Ransdell Keene


JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney


JASON WAYNE WALTMAN
REBECCA ARMAND EDWARDS
Assistant District Attorneys

* * * * *


Before COX, STEPHENS, and ROBINSON, JJ.

**ROBINSON, J.**

Following a remand from this Court, Quinton Hill was adjudicated a fourth-felony offender and sentenced. He was also sentenced for his conviction of possession of a firearm by a person convicted of certain felonies. Ten months later, Hill was adjudicated a second-felony offender using the same underlying and predicate offenses and was sentenced again. Hill was also sentenced again for his felon-in-possession conviction.

Hill appeals a higher fine that he received at the second resentencing. Hill also complains that he was subjected to double jeopardy and that the trial court did not vacate his sentence for the underlying conviction before sentencing him as an habitual offender.

Because we cannot discern from the record why Hill was adjudicated a second-felony offender after having already been adjudicated a fourth-felony offender for the same underlying offense, we vacate both habitual offender adjudications and Hill's habitual offender sentences as well as his sentences for his conviction of possession of a firearm by a person convicted of certain felonies. Rejecting Hill's double jeopardy argument, we again affirm his convictions of possession of a firearm with obliterated numbers or marks and possession of a firearm by a person convicted of certain felonies.

## FACTS

On January 26, 2017, a task force in Shreveport arrested Hill in the parking lot of his girlfriend's apartment complex. Hill was wanted on a warrant for attempted second degree murder and for possession of a firearm by a convicted felon. A search of his girlfriend's apartment led to the discovery of a rifle, a .40 handgun with an obliterated serial number, ammunition, and narcotics.

On May 15, 2017, Hill was charged by an amended bill of information with:

> Count 1: Unlawfully possessing a handgun after having been previously convicted of manslaughter in violation of La. R.S. 14:95.1.
> Count 2: Using, possessing, or having under his immediate control a handgun while possessing a CDS in violation of La. R.S. 14:95(E).
> Count 3: Knowingly and intentionally possessing a Schedule IV CDS in violation of La. R.S. 40:969(C).
> Count 4: Possession of/dealing in firearms with an obliterated number or mark in violation of La. R.S. 14:95.7.

A jury trial was held in this matter in September of 2018. Hill was convicted as charged on counts 1 and 4. On count 3, he was convicted of attempted possession of a Schedule IV CDS. He was found not guilty of count 2. The verdicts were unanimous.

On October 4, 2018, the State filed an habitual offender bill of information alleging that Hill was a fifth-felony offender. A new counsel of record enrolled for Hill on November 13, 2018. Hill was adjudicated a fifth-felony offender on February 6, 2019. The underlying conviction was possession of a firearm with an obliterated number or mark.

Hill was sentenced to 2.5 years at hard labor on the drug conviction, 5 years at hard labor on the conviction of possessing a firearm with an obliterated serial number, and life at hard labor without benefits on the habitual offender adjudication. The sentences were ordered to be served concurrently.

***First appeal***

Hill appealed his convictions, habitual offender adjudication, and his sentences. In *State v. Hill*, 53,286 (La. App. 2 Cir. 3/4/20), 293 So. 3d 104, this Court affirmed his convictions and his 2.5-year sentence for the drug

conviction. However, for several reasons, this Court vacated Hill's habitual offender adjudication and sentence as well as his sentence for possessing a firearm with an obliterated number.

First, this Court recognized that although the underlying conviction for the habitual offender adjudication was the possession of a firearm with an obliterated serial number, Hill was mistakenly sentenced as a habitual offender for his conviction of possession of a firearm by a convicted felon. Second, this Court found merit to Hill's argument that the trial court erred in using two convictions obtained on the same day in 2003 as separate predicate offenses. La. R.S. 15:529.1(B) states that "[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." Third, this Court found on error patent review that the State failed to establish that the cleansing period between Hill's release from the prior convictions and the date of the current offense had not lapsed under *State v. Lyles*, 19-00203 (La. 10/22/19), 286 So. 3d 407. This Court stated it appeared that Hill may qualify for the third category of *Lyles*; that is, he would be eligible for a reduced cleansing period but his sentence would be calculated under the penalties in effect on the date of his offenses. Thus, this Court concluded that without evidence that Hill's prior convictions did not fall within the applicable cleansing periods, there was insufficient evidence to support his habitual offender adjudication.

The matter was remanded for a new habitual offender adjudication and resentencing pursuant to *State v. Lyles*.

### First resentencing following remand

At a hearing on December 8, 2020, a different assistant district attorney appeared on behalf of the State. Regarding Hill's conviction of

3

being a felon in possession of a firearm, Hill was sentenced to 20 years at hard labor without benefit of probation, parole, or suspension of sentence, and a $1,000 fine.

Marla Armstrong, a probation and parole specialist with the Louisiana Department of Corrections, testified concerning the full-term dates for three of Hill's prior convictions. Hill was adjudicated a fourth-felony offender and he received a sentence of 40 years at hard labor without benefit of probation or suspension of sentence for the habitual offender conviction. All of the sentences were to be served concurrently. The trial court also stated that it vacated the previous sentence.

On December 28, 2020, Hill filed a motion to reconsider sentence. He argued that his sentence was unnecessarily harsh and that he deserved a downward deviation from the sentence imposed. The motion to reconsider was denied.

On March 30, 2021, Hill's counsel filed a motion for an appeal from his resentencing on December 8, 2020. In the motion, Hill's counsel asked to withdraw as counsel of record and for the Louisiana Appellate Project to be appointed as appellate counsel. The order attached to the motion was never signed.

### Second resentencing following remand

For reasons not revealed in this record, a second resentencing and habitual offender adjudication was conducted on September 28, 2021. A different assistant district attorney from the ones who tried the case appeared at this hearing. Hill's counsel remained the same.

The assistant district attorney told the trial court that the "matter has come back for resentencing from the Second Circuit." He also informed the

4

trial court that the State was proceeding against Hill as a second-felony offender with the predicate offense being manslaughter and the underlying offense being possession of a firearm with an obliterated mark. The State moved that all of the evidence from the prior habitual offender hearing be placed in the record of the current matter.

Marla Armstrong again testified on behalf of the State. She testified that on February 21, 2008, Hill was sentenced to ten years at hard labor for manslaughter. The full-term release date for that conviction was March 16, 2016.

The trial court noted at the second resentencing that it understood this Court had remanded the matter for a new habitual offender hearing as well as for sentencing on the conviction of possession of a firearm by a convicted felon. Hill was adjudicated a second-felony habitual offender and was sentenced to 10 years at hard labor. He was sentenced to 20 years without benefit of probation, parole, or suspension of sentence on his conviction of being a felon in possession of a firearm; a $5,000 fine was also imposed. The sentences were ordered to be served consecutively to each other, but concurrent with the earlier imposed 2.5-year sentence.

On September 29, 2021, Hill's appellate counsel filed a notice of appeal from the conviction and sentencing on September 28, 2021.

**DISCUSSION**

Hill argues on appeal that: (1) the increase in his fine was unjustified; (2) his habitual offender sentence of 10 years was not correctly entered because the trial court failed to vacate his original sentence of 5 years for his conviction of possession of a firearm with an obliterated serial number; and (3) his habitual offender sentence is an illegal sentence because it amounts to

5

double jeopardy due to both gun convictions involving the same firearm. We will address the double jeopardy argument first.

***Double Jeopardy***

Hill did not raise his double jeopardy claim when he earlier appealed his convictions, which were affirmed. He raises it for the first time on this appeal. However, we note that La. C. Cr. P. art. 594 states: "Double jeopardy may be raised at any time, but only once, and shall be tried by the court alone. If raised during the trial, a hearing thereon may be deferred until the end of the trial."

The double jeopardy clauses of the federal and state constitutions protect against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *State v. Gasser*, 22-00064 (La. 6/1/22), 2022 WL 2339163, __ So. 3d __; *State v. Johnson*, 94-1077 (La. 1/16/96), 667 So. 2d 510.

In support of his double jeopardy argument, Hill cites *State v. Sims*, 44,123 (La. App. 2 Cir. 4/15/09), 7 So. 3d 1288, where this Court utilized the "same evidence" test to find a double jeopardy violation. However, in the latter case of *State v. Frank*, 16-1160 (La. 10/18/17), 234 So. 3d 27, the Louisiana Supreme Court made it clear that in terms of double jeopardy claims, it was dispensing with Louisiana's separate "same evidence" test as Louisiana courts were bound only to apply the "distinct fact" test established in *Blockburger v. U.S.*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). As stated in *Blockburger*:

> The applicable rule is that, where the same act or transaction
> constitutes a violation of two distinct statutory provisions, the
> test to be applied to determine whether there are two offenses or

6

only one, is whether each provision requires proof of a fact
which the other does not.

*Id.*, 284 U.S. at 304, 52 S. Ct. at 182, 76 L. Ed. 306 (1932).

At the time of the offense, the elements of the crime of possession of a firearm by a convicted felon under La. R.S. 14:95.1 were: (1) the defendant's possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense. *State v. Johnson*, 53,086 (La. App. 2 Cir. 11/20/19), 285 So. 3d 1168.

The crime of possession of or dealing in firearms with an obliterated number or marks is set forth in La. R.S. 14:95.7, which states in part:

> A. No person shall intentionally receive, possess, carry, conceal, buy, sell, or transport any firearm from which the serial number or mark of identification has been obliterated.
> B. This Section shall not apply to any firearm which is an antique or war relic and is inoperable or for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade, or which was originally manufactured without such a number.

Thus, the elements of this crime are: (1) intentionally receiving, possessing, carrying, concealing, buying, selling, or transporting a firearm, and (2) that the firearm has its serial number or mark of identification obliterated.

Although both crimes require possession of a firearm, each crime requires at least one factor that is absent from the other. As indicated by the name of the crime, the crime of possession of a firearm by a convicted felon is concerned with the status of the person possessing the firearm. Thus, La. R.S. 14:95.1 requires that the firearm be possessed by a person who was previously convicted of an enumerated felony. In contrast, the status of the person possessing the firearm is not an element of the crime of possession of or dealing in firearms with an obliterated number or marks. Thus, the

7

element other than possession is that the serial number or mark of identification on the firearm has been obliterated. Hill's argument is without merit.

*Resentencing*

Hill maintains that he received an unjustified increase in his fine when he was resentenced a second time on September 28, 2021, for his conviction of possession of a firearm by a convicted felon. He also argues the trial court was required to first sentence Hill for his conviction of possessing a firearm with an obliterated number or marks, and then after he was adjudicated an habitual offender, vacate that sentence and sentence him as a habitual offender.

The State counters that the record shows that the September 28 hearing was conducted in response to the remand from this court and not to correct an error at the December 8, 2020, hearing. The State offers that the September 28 hearing was mistakenly held, has no effect, and should be considered null and void. Under the State's reasoning, the fourth felony adjudication and sentences imposed on December 8 would remain in effect. The State argues the appeal should be dismissed because there was no basis under law for the September 28 hearing.

This Court cannot ignore what occurred at the September 28 hearing for no other reason than that Hill was placed in a more favorable position following the September hearing than he was following the December 8 hearing. He went from being adjudicated a fourth-felony offender to being adjudicated a second-felony offender. Moreover, he also went from receiving a 40-year habitual offender sentence that was to run concurrently

8

with a 20-year sentence to receiving a 10-year habitual offender sentence that was to run consecutively to a 20-year sentence.

Even accepting the State's explanation that the September 28 hearing was presumably held under the mistaken belief that the habitual offender hearing and resentencing on remand from this Court had not been held, this still does not clarify why the State went from seeking a fourth-felony offender adjudication on December 8, 2020, to a second-felony offender adjudication on September 28, 2021. We note that in Hill's brief, his counsel states that he was not a fourth-felony offender.

Accordingly, we vacate the habitual offender adjudications and all sentences rendered on December 8, 2020, and September 28, 2021, and remand this matter to the trial court for a new habitual offender adjudication and resentencing. Upon resentencing, the State is to state on the record whether the September 28, 2021, hearing was mistakenly held or whether it was held to correct an error at the December 8, 2020, habitual offender adjudication.[1]

Finally, we note that during the second resentencing, the trial court referred to the sentencing range for La. R.S. 14:95.1 as being imprisonment at hard labor for not less than 5 nor more than 20 years without the benefit of probation, parole, or suspension of sentence. At the time of the offense, the sentencing range was imprisonment at hard labor for not less than 10 nor

---

[1] At the second resentencing, the State informed the trial court that some of the earlier predicate convictions were unavailable for the habitual offender adjudication because of the new cleansing period. However, the State never referred to what occurred at the earlier resentencing or moved to vacate the habitual offender adjudication and sentences imposed then. In addition, there was still no reference to the first resentencing when, near the conclusion of the September 28 hearing, the minute clerk asked, "And so you're vacating the whole sentence from December the 8th of 2020?"

more than 20 years without the benefit of probation, parole, or suspension of sentence.

## CONCLUSION

Hill's convictions of violating La. R.S. 14:95.1 and La. R.S. 14:95.7 are again affirmed. His habitual offender adjudications, habitual offender sentences, and his sentences for violating La. R.S. 14:95.1 are vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion.

## DECREE

AFFIRMED IN PART; VACATED IN PART AND REMANDED WITH INSTRUCTIONS.